UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH L LESER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-02044-TWP-DML |
| | ) |
| INDIANAPOLIS PUBLIC SCHOOLS; | ) |
| BOARD OF SCHOOL COMMISSIONERS | ) |
| FOR THE CITY OF INDIANAPOLIS; | ) |
| MARY ANN SULLIVAN, Individually and in | ) |
| her Official Capacity; SAM ODLE, | ) |
| Individually and in his Official Capacity; | ) |
| LANIER ECHOLS, Individually and in her | ) |
| Official Capacity; MICHAEL O'CONNOR, | ) |
| Individually and in his Official Capacity; | ) |
| GAYLE COSBY, Individually and in her | ) |
| Official Capacity; KELLY BENTLEY, | ) |
| Individually and in her Official Capacity; and | ) |
| DIANE ARNOLD, Individually and in her | ) |
| Official Capacity; | ) |
| | ) |
| Defendants. | ) |

### ENTRY ON MOTION TO DISMISS AND OTHER PENDING MOTIONS

This matter is before the Court is a Motion to Dismiss filed by Defendants Indianapolis Public Schools ("IPS"), the Board of School Commissioners for the City of Indianapolis ("the Board"), as well as Mary Ann Sullivan, Sam Odle, Lanier Echols, Michael O'Connor, Gayle Cosby, Kelly Bentley, and Diane Arnold (collectively, "the Commissioners"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Filing No. 15.) On July 29, 2016, following her termination from IPS, Plaintiff Deborah L. Leser ("Leser") filed a Complaint alleging Defendants[1] violated her rights under the Fifth and Fourteenth Amendments. (Filing No. 1.) Defendants move

---

[1] The Court will use the term "Defendants" when discussing IPS, the Board, and the Commissioners collectively.

to dismiss the Complaint, asserting lack of subject matter jurisdiction, qualified immunity, and failure to state a claim, among other things. Also pending is Leser's Motion for Leave to File Surreply ([Filing No. 42](#)), and Motion for Attorney's Fees. ([Filing No. 43](#).) For the following reasons, the Court **grants in part and denies in part** Defendants' Motion to Dismiss, **denies** Leser's Motion for Leave to File Surreply, and **denies** her Motion for Attorney's Fees.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts alleged in the Complaint, and draws all possible inferences in Leser's favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.").

Leser began working for IPS in 1995. During her tenure with IPS, she held several positions, including: teacher, counselor, vice principal, and principal. Her most recent IPS title was Director of Student Services. As Director of Student Services, Leser was tasked with supervising the principal of Longfellow Alternative School ("Longfellow"). On February 17, 2016, William Jensen ("Jensen"), then-principal of Longfellow, contacted Leser regarding a parent's report of an inappropriate sexual relationship between a student and a Longfellow employee named Shana Taylor ("Taylor").

Leser relied on IPS Procedure 3213.01 and directed Jensen to contact Tina Hester ("Hester")—the Assistant Superintendent of Human Resources. Procedure 3213.01 provides:

> **What should you do if you can't figure out what to do?**
> Call the Title IX Coordinator at 226-3870 or the Assistant Superintendent, Human Resources at 226-4580, who are the primary resource persons in these matters.

([Filing No. 1 at 9](Filing No. 1 at 9)). Jensen immediately contacted Hester, who informed Jensen not to involve the police. Hester decided, instead, to assign Title IX Coordinator Shalon Dabney ("Dabney") to investigate the matter.

Meanwhile, Leser made several calls to other IPS employees, including: the Deputy Superintendent for Academics, Dr. Wanda Legrand ("Dr. Legrand"); Human Resource officer Sandra Bombic; and Chief Strategist Le Boler ("Boler"). After informing each of them of the inappropriate relationship at Longfellow, Leser asked Dr. Legrand if there was anything else she needed to do. Dr. Legrand stated: "sounds like you have it handled." *Id.* at 14. Boler also assured Leser that she would inform the Superintendent of IPS—Lewis D. Ferebee ("Dr. Ferebee"). None of the IPS employees contacted the police.

Five days later, on February 22, 2016, Dabney—who was ordered by Hester to investigate the matter—told IPS employee Mark Cosand ("Cosand") to report Taylor's inappropriate relationship to Child Protective Services ("CPS"). The following day, on February 23, 2016, Cosand reported the inappropriate relationship to CPS. On March 2, 2016, the "Shana Taylor story[2]" became public. Thereafter, IPS's attorney David Given ("Attorney Given") interviewed Leser, as well as others including: Jensen, Cosand, Dabney and Hester. Attorney Given explained that his goal was to gather facts regarding the complaint made against Taylor. Dr. Ferebee also conducted interviews.

The following month, on April 12, 2016, Hester and Dabney were criminally charged for failure to file a report with CPS upon learning about the inappropriate relationship. No criminal charges were filed against Leser. On June 1, 2016, however, Leser received a letter notifying her

---

[2] Former IPS Counselor was sexually involved with two students. IPS waited six days to report abuse, court documents show. indystar.com/story/news/crime/2016/03/02/indianapolis-public-schools-counselor-charged-child-seduction/81201592/

of a preliminary decision to cancel her employment contracts for failure to report the incident to CPS. On June 27, 2016, a hearing was held before the Board and, on June 30, 2016, the Board unanimously voted to cancel Leser's employment contracts based on neglect of duty.

On November 18, 2016, Leser sought relief in this Court. She asserts that Defendants denied her due process. Specifically, she contends: 1) Defendants failed to provide proper notice of her alleged wrongdoing prior to the June 27, 2016 hearing before the Board; 2) Attorney Given and Dr. Ferebee failed to advise her of her *Garrity* rights prior to interviewing her; 3) Defendants' decision to terminate her was arbitrary and capricious; and 4) the Court should review the termination decision and grant her relief pursuant to Indiana Code § 4-21.5-5-14. (Filing No. 1.) Defendants move the Court to dismiss Leser's Complaint in its entirety, arguing among other things, the Court lacks subject matter jurisdiction; the Complaint fails to state a claim; and the Commissioners are entitled to qualified immunity. (Filing No. 15.)

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The burden of proof is on the plaintiff, the party asserting jurisdiction. *United Phosphorus, Ltd. v. Angus Chem. Co*., 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc*., 683 F.3d 845 (7th Cir. 2012) (en banc). "The plaintiff has the burden of supporting the jurisdictional allegations of the complaint by competent proof." *Int'l Harvester Co. v. Deere & Co*., 623 F.2d 1207, 1210 (7th Cir. 1980). "In deciding whether the plaintiff has carried this burden, the court must look to the state of affairs as of the filing of the complaint; a justiciable controversy must have existed at that time." *Id.*

"When ruling on a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the district court must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citation omitted). Furthermore, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citation and quotation marks omitted).

**B.  Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane,* 550 F.3d 632, 633 (7th Cir.2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id*.; see also *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the

... claim is and the grounds upon which it rests," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and quotation marks omitted). Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.,* 556 F.3d 575, 580 (7th Cir.2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556).

### III. DISCUSSION

In their briefing, Defendants ask the Court to dismiss Leser's Complaint for lack of subject matter jurisdiction, redundancy, failure to state a claim, and because the Commissioners are entitled to qualified immunity. They also argue that the Court should decline to exercise supplemental jurisdiction over Leser's state law claim under Indiana Code § 4-21.5-5-14. Leser has also requested leave to file a surreply. The Court addresses each issue below.

**A.     Motion for Leave to File Surreply ([Filing No. 42](#))**

The Court will first address Leser's Motion to File a Surreply. Leser contends that Defendants included new supplemental evidence in their Reply Brief, specifically: 1) seven new cases; and 2) new arguments, asserting Leser's Response "misses the point."

The "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4 (S.D. Ind. Mar. 25, 2010). However, "new arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for

6

replying, not raising new arguments or arguments that could have been advanced in the opening brief." *Reis v. Robbins*, 2015 U.S. Dist. LEXIS 23207, at *5 (S.D. Ind. Feb. 26, 2015) (citations omitted). "[T]his serves to prevent the nonmoving party from being sandbagged." *Id*. (citation omitted). Courts allow a surreply only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response. *See, e.g., id.; Miller v. Polaris Labs., LLC*, 2014 U.S. Dist. LEXIS 18161 (S.D. Ind. Feb. 12, 2014).

Upon close review of the parties' briefing, the Court determines that Defendants' Reply Brief did not inject new evidence, arguments, or issues into the Motion to Dismiss. Instead, the Reply Brief contained Defendants' response to the arguments advanced by Leser in her Response Brief. The limited circumstances for allowing a surreply—to address new arguments or evidence raised in the reply brief—are not present therefore, Leser's Motion for Leave to File Surreply ([Filing No. 42](#)) is denied.

**B.    Motion to Dismiss ([Filing No. 15](#).)**

    **1.    Subject Matter Jurisdiction**

With respect to the merits of this case, Defendants contend adequate state remedies are available, thus, Leser's constitutional due process claims are not ripe for review. It is well-established that satisfying the ripeness doctrine is a prerequisite for the exercise of federal jurisdiction under Article III of the United States Constitution. *Sprint Spectrum L.P. v. City of Carmel, Indiana*, 361 F.3d 998, 1002 (7th Cir. 2004) (citations and quotation marks omitted). "The doctrine's basic rationale is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies…" *Id*.

Defendants argue that Leser must appeal the Board's decision to a state court, prior to seeking relief in federal court. *See Veterans Legal Def. Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003) (noting "no due process violation has occurred when adequate state remedies exist. The whole idea of a procedural due process claim is that the plaintiff is suing because the state failed to provide adequate remedies.… Given the availability of state remedies that have not been shown to be inadequate, plaintiffs have no procedural due process claim"); *see also Gaunce v. deVincentis*, 708 F.2d 1290, 1292 (7th Cir. 1983) ("[w]here Congress has provided a statutory procedure for the review of an administrative order, such procedure is exclusive") (citations omitted); *Leavell v. Illinois Dep't of Nat. Res.*, 600 F.3d 798, 807 (7th Cir. 2010) ("failing to avail oneself of adequate state court remedies is not akin to failing to meet a condition precedent; it is a substantive failure that defeats the cause of action").

Defendants' argument without merit because Leser's due process claims are pursuant to 42 U.S.C. § 1983, which "does not require that plaintiffs exhaust state remedies." *Veterans*, 330 F.3d at 941. Accordingly, Leser's claims are ripe for review and the Court **denies** Defendants' request to dismiss for lack of subject matter jurisdiction.

The Court notes that the cases Defendants rely on are misplaced because, unlike the statutes in those cases, the Indiana Teacher Tenure Act ("the Act") that Leser relies on provides only pre-deprivation procedures rather than post-deprivation remedies. *See* Ind. Code § 20-28-7.5 *et seq*.; *see also Veterans*, 330 F.3d at 941 (denying plaintiff's due process claim where plaintiff did not dispute that adequate post-deprivation remedies were available in administrative review or in an action for mandamus under the Illinois Personnel Code); *Gaunce*, 708 F.2d at 1292 (finding the court lacked subject matter jurisdiction where plaintiff did not exhaust administrative remedies under the Federal Aviation Act); *Leavell*, 600 F.3d at 806 (dismissing plaintiff's due process claim

where plaintiff conceded that state remedies existed because administrative decisions of the Illinois Department of Revenue are subject to judicial review under the Administrative Review law pursuant to 225 ILCS 725/10").

Accordingly, because the Act is silent regarding post-deprivation state remedies, this Court has jurisdiction to hear Leser's due process claims pursuant to § 1983. *See Zinermon v. Burch*, 494 U.S. 113, 115 (1990) ("a deprivation of a constitutionally protected property interest caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, *unless the State fails to provide an adequate post-deprivation remedy*") (emphasis added).

   2.   **Redundancy**

Defendants also ask the Court to dismiss Leser's claims against the Commissioners, both in their individual and official capacities. Defendants contend, because Leser asserts claims against IPS and the Board, any claims against the Commissioners are redundant. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("[o]fficial-capacity suits, in contrast [to personal-capacity suits], generally represent only another way of pleading an action against an entity of which an officer is an agent") (citations and quotation marks omitted); *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1021 n.3 (7th Cir. 1997) (noting, "[b]ecause [Plaintiff's] suit is also against the entity, i.e., the School District and School Board, her claims against the principal and assistant principal, in their official capacities, are redundant").

The Court finds Defendants' "redundancy" claim without merit and their reliance on *Kentucky* and *Smith* misplaced. Neither *Kentucky* nor *Smith* stand for the proposition that a claim against individuals—in their official and personal capacities—must be dismissed as redundant where a plaintiff also asserts claims against the entity that the individuals encompass. *See*

*Kentucky*, 473 U.S. at 159 (holding, "[42 U.S.C. §] 1988 does not allow attorney's fees to be recovered from a governmental entity when a plaintiff sues governmental employees *only in their personal capacities*) (emphasis added); *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1021 (7th Cir. 1997) (ruling on the merits that Plaintiff's claim against a principal and assistant principal in their official and individual capacities fails under Title IX because the principal and assistant principal are not "grant recipients").

In addition, even if Leser's claims against the Commissioners in their "official capacity" were redundant, *Kentucky* and *Smith* do not speak to the redundancy of claims against the Commissioners in their "individual capacity." *See Morgan v. Bd. of Trustees of Cmty. Coll. Dist. No. 508*, No. 98 C 1095, 1999 WL 160369, at *3 (N.D. Ill. Mar. 9, 1999) (noting, "municipalities or other local government units are answerable only for their own decisions and policies; *they cannot be held vicariously liable for the constitutional torts of others, including their employees*") (emphasis added). Accordingly, Defendants' Motion to Dismiss for redundancy is **denied**.

With respect to claims against the Commissioners in their "individual capacity," Defendants assert that the Court should dismiss such claims because the Complaint fails to allege any personal involvement against each individual Commissioner. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints") (citations omitted). For the reasons discussed below, the Court **denies** Defendants' request for dismissal on this issue.

### 3. Failure to State a Claim

Having found that the federal court has subject matter jurisdiction, the Court will address whether dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6). Defendants move to dismiss the Complaint in its entirety for failure to state a claim. The Complaint asserts three distinct federal claims against Defendants, specifically: 1) failure to provide proper notice of Leser's alleged wrongdoing in violation of the Due Process Clause of the Fourteenth Amendment; 2) failure to advise Leser of her *Garrity* rights in violation of the Fifth Amendment; and 3) arbitrary and capricious termination in violation of the Due Process Clause of the Fourteenth Amendment.

#### a. Procedural Due Process

When analyzing a procedural due process claim, the Court determines: 1) whether the plaintiff was deprived of a protected interest; and 2) what process is due. *Pugel v. Bd. of Trustees of Univ. of Ill.*, 378 F.3d 659, 662 (7th Cir.2004). There is no dispute that Leser maintained a property interest in her continued employment with IPS. *See* Ind. Code § 20-28-7.5-1. With respect to the second prong, the essential requirements of procedural due process are notice and an opportunity to respond. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 545-46 (1985) (evaluating the pre-termination process provided to a tenured public employee and noting that "the essential requirements of due process… are notice and an opportunity to respond"). In particular, a tenured employee "is entitled to oral or written notice of the charges against [her], an explanation of the employer's evidence, and an opportunity to present [her] side of the story." *Id*. (noting that the opportunity to be heard "need not be elaborate") (citations omitted).

Defendants argue the Complaint fails to assert any facts alleging the Commissioners violated Leser's rights and ask the Court to rule on the merits that Leser received proper notice. Defendants also contend, even if Leser was denied proper notice, the Court should dismiss the

11

procedural due process claim because Leser alleges only violation of state statutory requirements. *See* Ind. Code § 20-28-7.5-2 ("Before a teacher's contract is canceled… [t]he principal shall notify the teacher of the principal's preliminary decision…" and "*[t]he notice…must include a written statement…giving the reasons for the preliminary decision*") (emphasis added). Defendants assert that any failure to comply with state procedural laws, in and of itself, is not a denial of federal due process. *See Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002) (holding allegations that the board failed to comply with procedural rules for conducting administrative hearings as provided by state statute was "an insufficient basis on which to state a federal due process claim"); *Pro–Eco, Inc. v. Bd. of Comm'rs,* 57 F.3d 505, 514 (7th Cir.1995) (a violation of a state procedural statute does not offend the Constitution); *Wallace v. Tilley,* 41 F.3d 296, 301 (7th Cir.1994) ("The denial of state procedures in and of itself does not create inadequate process under the federal constitution."); *Osteen v. Henley,* 13 F.3d 221, 225 (7th Cir.1993) ("[A] violation of state law ... is not a denial of due process, even if the state law confers a procedural right."); *Coniston Corp. v. Village of Hoffman Estates, et al.,* 844 F.2d 461, 467 (7th Cir.1988) ("A violation of state law is not a denial of due process ....") (citations omitted).

When reviewing the motion to dismiss, the Complaint is read in light most favorable to Leser. *See Bielanski*, 550 F.3d at 633. Although Defendants may establish that they did in fact give Leser proper notice, at this stage in the litigation, dismissal based on facts not included in the Complaint is inappropriate. *See Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 381 (7th Cir. 1988). The Complaint asserts that every Defendant, including each Commissioner, failed to properly notify Leser of any alleged wrongdoing. The Complaint states, in pertinent part:

> IPS, the Board, Ms. Sullivan, Mr. Odle, Ms. Nichols, Mr. O'Connor, Ms. Cosby, Ms. Bentley and Ms. Arnold failed to provide proper notice or any sufficient notice to Ms. Leser as required by Indiana Code § 20-28-7.5-2(a)(2), in violation of the Fourteenth Amendment to the U.S. Constitution, actionable under 42 U.S.C. §

> 1983… She was denied her right to be heard because she was not notified of the alleged wrong.

([Filing No. 1 at 21](Filing No. 1 at 21)).

The Court also finds Defendants' contention that Leser alleges only violation of state statutory requirements without merit. Although violation of a state statute in and of itself is not a denial of federal due process, the Complaint specifically asserts failure to give proper notice as required under both state and federal law. *See Loudermill*, 470 U.S. at 545-46 (noting, under federal law, an employee "is *entitled to oral or written notice of the charges against [her], an explanation of the employer's evidence*, and an opportunity to present [her] side of the story"). Accordingly, because Leser asserts that each Defendant failed to notify her of her alleged wrongful act—as required by both state and federal law—the Court **denies** Defendants' Motion on this bases.

    **b.**  *Garrity* **Rights**

Leser also asserts that Defendants violated her *Garrity* rights because Dr. Ferebee and Attorney Given interviewed her without offering her immunity from criminal prosecution on the basis of her answers. *See Garrity v. State of N.J.*, 385 U.S. 493, 500 (1967). Defendants assert that Leser's *Garrity* claim is misplaced because Leser voluntarily answered Attorney Given's and Dr. Ferebee's questions and IPS did not attempt to compel Leser to answer any questions. *See id.* at 500 (holding "the protection of the individual under the Fourteenth Amendment against coerced statements prohibits use in subsequent criminal proceedings of statements obtained under threat of removal from office…").

The Court agrees that Leser's *Garrity* claim is without merit, primarily because there was no criminal proceeding against Leser and Leser does not allege that IPS coerced her into giving any self-incriminating statements. Accordingly, dismissal is **granted** with respect to this claim.

### c. Substantive Due Process

To prevail on a substantive due process claim, Leser must allege: 1) Defendants' decision was arbitrary and irrational; and 2) Defendants either committed a separate substantive constitutional violation or that state remedies are inadequate. *See Strasburger v. Bd. of Educ., Hardin Cty. Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 357 (7th Cir. 1998). The scope of substantive due process, however, is very limited and protects plaintiffs only against arbitrary government action that "shocks the conscience." *Montgomery v. Stefaniak*, 410 F.3d 933, 939 (7th Cir. 2005) (citations omitted). Defendants argue that Leser's substantive due process claim fails on the merits because Leser has not presented sufficient facts establishing that the decision to cancel her employment contracts "shocks the conscious," or that Defendants committed a separate substantive constitutional violation.

The Court previously found that Leser alleges sufficient facts to state a claim for a procedural due process violation, the second prong of the analysis is met. With respect to the first prong, the Court finds that the Complaint alleges enough facts to state a claim for arbitrary termination. There is no dispute that Defendants terminated Leser for "neglect of duty" in failing to provide proper guidance to Jensen when reporting the inappropriate employee/student relationship, as well as for failing to report the matter to CPS. *See* Ind. Code § 20-28-7.5-1 ("[a]" contract with a teacher may be canceled immediately…for…neglect of duty" or any "[o]ther good or just cause"). The Court, however, finds—when viewing the facts in light most favorable to Leser—Leser obeyed and followed the rules outlined in IPS Procedure 3213.01 when instructing Jensen on reporting the inappropriate relationship. IPS Procedure 3213.01 provides that employees should contact the Assistant Superintendent when they cannot figure out what to do

and, in this situation, Leser directed Jensen to contact Hester—the Assistant Superintendent of Human Resources.

The Court finds that Leser has asserted sufficient facts to state a claim for arbitrary termination. The Court notes Defendants' actions against others who had knowledge of the inappropriate relationship. Leser contacted various IPS employees and informed them of the inappropriate relationship, however—despite those employees' failure to report the information to CPS—they were not terminated. Accordingly, Defendants' request to dismiss Leser's substantive due process claim is **denied.**

### 4. Qualified Immunity

In the alternative, Defendants contend that if the Court finds that Leser's claims do not fail on the merits, the Commissioners are entitled to qualified immunity. Qualified immunity provides a defense so that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Messerschmidt v. Millender*, 132 S. Ct. 1235, 1244 (2012) (citation and quotation marks omitted).

To determine whether qualified immunity applies, the Court must determine whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the [defendants'] conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The Court also determines "whether the right was clearly established. This inquiry, it is vital to

note, must be undertaken in light of the specific context of the case, not as a broad general proposition." *Id.*

### a. <u>**Violation of a Constitutional Right**</u>

Leser alleges the Commissioners violated her Fourteenth Amendment rights by arbitrarily terminating her and failing to give notice of any alleged wrongdoing prior to the Board hearing. The Court previously found that, when viewing the facts in light most favorable to Leser, she alleged sufficient facts to establish violation of her procedural and substantive due process rights.

### b. <u>**Clearly Established Right**</u>

Leser's procedural and substantive due process rights under the Fourteenth Amendment must also be clearly established. "To be clearly established, at the time of the challenged conduct, the right's contours must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Humphries v. Milwaukee Cnty.*, 702 F.3d 1003, 1006 (7th Cir. 2012) (citation and quotation marks omitted). "While a case directly on point is not required, existing precedent must have placed the statutory or constitutional question beyond debate." *Id.* (citation and quotation marks omitted).

Regarding Leser's procedural due process claim, Defendants assert that the Commissioners did not depart from any "clearly established law" because Leser received more than ample notice of the charges against her. The Court previously found, based on the facts alleged in the Complaint, the Commissioners failed to give Leser notice of her alleged wrongdoing as required by state and federal law. *See* Ind. Code § 20-28-7.5-2 ("Before a teacher's contract is canceled… [t]he principal shall notify the teacher of the principal's preliminary decision…" and "*[t]he notice…must include a written statement…giving the reasons for the preliminary decision*") (emphasis added); *Loudermill*, 470 U.S. at 545-46 (noting, under federal law, an employee "is *entitled to oral or*

*written notice of the charges against [her], an explanation of the employer's evidence*, and an opportunity to present [her] side of the story") (emphasis added). Accordingly, under the facts here, a reasonable person in the Commissioners situation would have understood that Leser's procedural due process rights were violated.

Regarding Leser's substantive due process claim, Defendants again assert that the Commissioners are entitled to qualified immunity because Leser cannot show any violation of her "clearly established" rights. Defendants do not dispute that the Fourteenth Amendment provides Leser with the right to be free from arbitrary termination. *See Strasburger*, 143 F.at 357. Defendants instead argue that the Commissioners properly terminated Leser.

As discussed above, Leser has alleged sufficient facts to state a claim for arbitrary termination in violation of the Fourteenth Amendment. Leser's Complaint alleges that despite obeying the rules outlined in IPS Procedure 3213.01, the Commissioners terminated her. This fact, as well as the fact that the Commissioners did not terminate others who had knowledge of the inappropriate relationship, would make it clear to a reasonable Commissioner that Leser's substantive due process rights were violated. Accordingly, at this early stage of this litigation, the Defendants' qualified immunity claim[3] is **denied**.

C.  **Indiana Administrative Orders and Procedures Act Claim**

Defendants next argue that the Court should decline to review whether the decision to terminate Leser's contracts were arbitrary and capricious pursuant to Indiana's Administrative Orders and Procedures Act, Ind. Code § 4-21.5-5-14, because Leser's federal claims fail under Rules 12(b)(1) and 12(b)(6). *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("it

---

[3] With the benefit of discovery and at a later stage in litigation, Defendants may be able to establish that they did in fact give Leser proper notice or properly terminated Leser. However, at this stage of the proceedings, that showing has not been made.

is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial").

The Court **denies** Defendants' Motion on this issue because the Court previously found that Leser alleged sufficient facts to state a claim for both procedural and substantive due process violations.

### D.     **Attorney Fees ([Filing No. 43](#))**

Leser asks the Court to award attorney's fees pursuant to 28 U.S.C §1927, for having to defend against Defendants' "baseless Motion to Dismiss." ([Filing No. 43 at 6](#).)  Section 1927 of Title 28 of the United States Code provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  "The purpose of § 1927 'is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them.'" *Riddle & Assoc., P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005) (quoting *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989)).  "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious," and the attorney may be subject to an attorney fees sanction under 28 U.S.C. § 1927. *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006) (citation and quotation marks omitted).  Leser contends that Defendants displayed vexatious and unreasonable conduct by filing and continuing to pursue the Motion to Dismiss with no basis in fact or law.

In response, Defendants argue that their Motion to Dismiss was not vexatious or unreasonable because the arguments in the Motion are plausible and the Motion was not filed for the purpose of delay.  The Court agrees with Defendants. The Motion is not baseless, as evidence

18

by the fact that the Court has not adopted the full position of either party in ruling on the Motion to Dismiss. Accordingly, sanctions are inappropriate and Leser's Motion on this for fees is **denied**.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Dismiss ([Filing No. 15](#)). Leser's claims are ripe for review and dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is not warranted. A motion to dismiss pursuant to Rule 12(b)(6) does not test whether the plaintiff will prevail on the merits but instead whether the claimant has properly stated a claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court **grants** dismissal of Leser's claim that Defendant's violated her *Garrity* rights. All other claims have survived the initial hurdle of a motion to dismiss.

In addition, the Court **DENIES** Leser's Motion for Leave to File Surreply ([Filing No. 42](#)), and **DENIES** Leser's Motion for Attorney's Fees ([Filing No. 43](#)).

**SO ORDERED.**

Date: 7/28/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP
jmayes@boselaw.com

Amy Steketee Fox
FAEGRE BAKER DANIELS LLP (Indianapolis)
amy.fox@FaegreBD.com

Ellen E. Boshkoff
FAEGRE BAKER DANIELS LLP (Indianapolis)
ellen.boshkoff@faegrebd.com