UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH L LESER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02044-TWP-DLP |
| | ) | |
| INDIANAPOLIS PUBLIC SCHOOLS, | ) | |
| BOARD OF SCHOOL COMMISSIONERS | ) | |
| FOR THE CITY OF INDIANAPOLIS, | ) | |
| MARY ANN SULLIVAN Individually and | ) | |
| in her Official Capacity, | ) | |
| SAM ODLE Individually and in his Official | ) | |
| Capacity, | ) | |
| LANIER ECHOLS Individually and in her | ) | |
| Official Capacity, | ) | |
| MICHAEL O'CONNOR Individually and in | ) | |
| his Official Capacity, | ) | |
| GAYLE COSBY Individually and in her | ) | |
| Official Capacity, | ) | |
| KELLY BENTLEY Individually and in her | ) | |
| Official Capacity, | ) | |
| DIANE ARNOLD Individually and in her | ) | |
| Official Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

This matter comes before the Court on Plaintiff's Motion to Amend/Correct
the Complaint (Dkt. 66), wherein the Plaintiff seeks to add seven additional
Defendants. The motion was referred to the undersigned for ruling. Having
examined the facts in light of the applicable standards, the Court **GRANTS IN
PART** and **DENIES IN PART** said Motion.

## Procedural History

On July 29, 2016, Plaintiff filed her Complaint, alleging violations of procedural and substantive due process rights under both federal and state law. (Dkt. 1). On July 28, 2017, this Court issued an Order on Defendants' Motion to Dismiss (Dkt. 49), summarizing the procedural and factual history of this case. The Court noted that the Complaint asserted "essentially three distinct federal claims against Defendants, specifically: 1) failure to provide proper notice of Leser's alleged wrongdoing in violation of the Due Process Clause of the Fourteenth Amendment; 2) failure to advise Leser of her *Garrity* rights in violation of the Fifth Amendment; and 3) arbitrary and capricious termination in violation of the Due Process Clause of the Fourteenth Amendment." (Dkt. 49 at 11). The Court disposed of Count II, the Count related to the deprivation of Leser's *Garrity* rights. The Court further determined that the time was not yet ripe for a determination related to the Defendants' qualified immunity claim due to a lack of information before the Court.[1] On December 28, 2017, the deadline by which to amend any pleadings, the Plaintiff filed her Motion to Amend/Correct the Complaint (Dkt. 66).

## Factual Summary

In 2016, Deborah Leser ("Leser") was working for Indianapolis Public Schools ("IPS" as Director of Student Services, and was tasked with supervising the principal of Longfellow Alternative School. On February 17, 2016, William Jensen

---

[1] Since this Court has already considered the issue of qualified immunity at length and no additional information has been offered, the Court will not consider the Defendants' arguments related to qualified immunity here. Accordingly, any request by the Defendants that leave to amend should be denied on the basis of qualified immunity should be considered denied.

("Jensen"), then-principal of Longfellow, contacted Leser regarding a parent's report of an inappropriate sexual relationship between a student and a Longfellow employee named Shana Taylor ("Taylor"). Leser directed Jensen to contact Lela Hester ("Hester"), the Assistant Superintendent of Human Resources for IPS, who advised Jensen not to involve the police. A week later, the story became public. Leser was interviewed in early March 2016 by David Given, an attorney for IPS, to gather facts regarding the complaint made against Taylor.

On June 1, 2016, Leser received a letter notifying her of a preliminary decision to cancel her employment contract for failing to report the Taylor incident to CPS. On June 27, 2016, a hearing was held before the Board of School Commissioners for the City of Indianapolis ("Board" or "the Board"). Three days later on June 30, 2016, the Board unanimously voted to cancel Leser's employment contracts based on insubordination and neglect of duty.

## **Legal Standard**

Here, the Plaintiff has filed for leave to amend her complaint under Federal Rule of Civil Procedure Rule 15(a)(2). Federal Rule of Civil Procedure 15(a)(2) governs that a leave to amend "shall be freely given when justice so requires." However, where the proposed amendment would be futile, the Court may deny leave to amend. *Runnion ex el. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana,* 786 F.3d 510, 520 (7th Cir. 2015) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "A motion to amend should state with particularity the grounds for the motion and should be accompanied by the proposed amendment."

*Otto v. Variable Annuity Life Ins. Co.*, 814 F.2d 1127, 1139 (7th Cir. 1986). If the proposed amendment fails to cure the deficiencies in the original complaint, or could not survive a motion to dismiss, the court may deny leave to amend. *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015).

## Discussion

### David Given

Plaintiff seeks to add David Given as a Defendant to Count II of the Proposed Amended Complaint, which alleges that the Defendants failed to advise Leser of her *Garrity* rights in violation of the Fifth and Fourteenth Amendments. (Dkt. 66-2 at 24-25) As noted above, the Court dismissed this claim on July 28, 2017. Once a particular count of a Complaint has been dismissed by the Court, it may not then be resurrected upon amendment, absent providing additional information or factual support. In her Proposed Amended Complaint, the Plaintiff does not include any new factual information or allegations, but instead restates verbatim the original Count. (Dkt. 1 at 22; Dkt. 66-2 at 14, 24-25). The Court found this Count to be without merit then and it remains without merit now and could not withstand a motion to dismiss. The Plaintiff has failed to cure the deficiencies in the original complaint. Therefore, Plaintiff's Motion for Leave to Amend the Complaint to add David Given as a Defendant is **DENIED**.

## Jonathan Mayes

Plaintiff seeks to add Jonathan Mayes ("Mayes") as a Defendant to Count I, related to Leser's procedural due process rights in the form of proper notice, and to Counts III and IV, related to Leser's substantive due process rights under both federal and state law. The Plaintiff asserts that Mayes is a proper party for his role as an alleged "hearing officer" for Leser's hearing before the Board on June 27, 2016. In the proposed amendment, Leser contends that the Plaintiff had provided an email sent from Mayes to both counsel for the Plaintiff and for the Defendants on June 15, 2016, wherein he wrote that he was "engaged to serve as the hearing officer." (Dkt. 74-1). Plaintiff appears to hang her hat on this assertion, despite evidence supporting a different conclusion.

Defendants' counsel Andrew McNeil wrote a letter to Plaintiff's counsel dated December 1, 2017, in which he noted unequivocally that Mayes "appeared at the conferences [for Leser and Jensen] as counsel for the Board." (Dkt. 70-1). Furthermore, the Proposed Findings of Fact & Conclusions of Law submitted to the Board on behalf of Leser list Mayes as counsel for the Board. (Dkt. 70-4). In the transcript of Leser's hearing, Board Commissioner and President Mary Ann Sullivan opened the hearing explaining that she would be the presiding officer and that Mayes would be serving as Counsel to the Commissioners. (Dkt. 70-8 at 3). Finally, in the Board's official findings, it is noted that Mayes "did not serve as 'administrative judge' but [as] Board counsel." (Dkt. 70-9 at 20). The overwhelming

evidence at this stage in the case demonstrates that Mayes was operating as counsel for the Board of School Commissioners for the City of Indianapolis.

It is established within the Seventh Circuit that lawyers, whether privately retained or appointed by a court, do not act under color of law merely by representing their clients. *Polk v. County v. Dodson*, 454 U.S. 312, 325 (1981). An attorney retained by a municipality does not automatically satisfy the "under color of law" requirement of 42 U.S.C. § 1983 cases. *Hutcherson v. Smith,* 908 F. 2d 243, 245 n.2 (7th Cir. 1990).

Attorneys are private actors who do not function under color of law unless they work in concert with government officials to deprive persons of their constitutional rights. *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998). To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of her constitutional rights and (2) those individual(s) were "willful participant[s] in joint activity with the State or its agents." (*Id*) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150 (1970); *Starnes v. Capital Cities Media, Inc.,* 39 F.3d 1394, 1397 (7th Cir. 1994).

In order to establish liability for a private attorney, there must be some demonstrated concerted effort between Mayes and the government officials to deprive Leser of her rights. The Plaintiff here offers only accusations and conclusory allegations related to Mayes' involvement in failing to provide her proper notice and effectuating her termination, which are not sufficient to survive a motion to dismiss.

Furthermore, there are no allegations of conspiracy before the court at this time and, therefore, the conspiracy theory cannot stand.

Because the Court finds that the Plaintiff's Motion for Leave to Amend to add Jonathan Mayes as a Defendant to Counts I, III, and IV of Plaintiff's Complaint is futile, the request is **DENIED**.


**Le Boler, Dr. Wanda Legrand, Lela Hester, and Shalon Dabney**

Plaintiff seeks to add Le Boler, Dr. Wanda LeGrand, Lela Hester, and Shalon Dabney to Counts III and IV of her complaint, alleging under federal and state law that these Defendants arbitrarily and capriciously made the decision to terminate her teaching and administrative contracts.

In her Motion to Amend and the Proposed Amended Complaint, the Plaintiff lays out at length the involvement of these four Defendants in the events that brought about her termination. Leser maintains that she complied with IPS protocol in reporting the Shana Taylor incident. When Leser questioned whether there was anything else that she needed to do with regarding to reporting, Dr. LeGrand stated that "it sounded like [Leser] had it covered." (Dkt. 66-1 at 17). Leser argues that Le Boler was responsible for orchestrating her termination because Le Boler "was one of the first to learn of the Shana Taylor matter, but did not report it." (Dkt. 66 at 3). Instead, Ms. Boler indicated that she would inform Dr. Ferebee of the incident. (Dkt. 66-1 at 17).

Both Lela Hester and Shalon Dabney were criminally charged with failing to report the Shana Taylor incident to CPS after learning about it from Leser. (Dkt. 66 at 3; Dkt. 66-2 at 11-12). The Plaintiff articulated facts in the amended complaint that demonstrate that these four people were allegedly involved (and some found legally culpable for inaction) in the Shana Taylor matter that brought about her termination, and thus should be held responsible for said termination.

In viewing the facts in the light most favorable to Leser, the allegations in the motion to amend and the proposed complaint provide the Court with sufficient information to determine that these four defendants may be parties from whom relief may be obtained. Accordingly, Plaintiff's Motion for Leave to Amend to add Le Boler, Dr. Wanda LeGrand, Lela Hester, and Shalon Dabney is **GRANTED**.


**<u>Dr. Lewis Ferebee</u>**

Plaintiff seeks to add Dr. Lewis Ferebee ("Ferebee") as a Defendant to Counts I-IV of the Proposed Amended Complaint. As discussed previously, Count II was dismissed by this Court in July 2017 and, because the Plaintiff did not provide additional factual allegations or support and instead recited the dismissed Count verbatim, would not survive a motion to dismiss. Therefore, Plaintiff's Motion for Leave to Amend to add Dr. Lewis Ferebee to Count II of Plaintiff's Complaint is **DENIED**.

As to Count I, related to whether Leser's procedural due process rights were violated by a failure to receive proper notice, there are no factual allegations that

Ferebee prepared, sent, or had any involvement related to the notice; succinctly, Ferebee isn't alleged to have actually done anything. Rather, the Plaintiff opts for legal conclusions that are insufficient to support a claim or survive a motion to dismiss. Accordingly, Plaintiff's Motion for Leave to Amend to add Dr. Lewis Ferebee to Count I of Plaintiff's Complaint is **DENIED**.

As to Counts III and IV, the Plaintiff alleges that Ferebee participated in her termination, which was arbitrary and capricious under both federal and state law. Leser specifically alleges that Ferebee's involvement extended well past the underlying events of the Shana Taylor matter. (Dkt. 66-2 at 11-22). Ferebee was involved in the initial decision to terminate Leser's contract; following that determination, Leser requested and was granted a Superintendent's Conference with Ferebee in early June 2016. Thereafter, Ferebee made his recommendation to the Board that Leser's contract be terminated. Based on the allegations before the Court at this time, the Court finds that the Board relied on Ferebee's recommendation of termination and on Ferebee's testimony during the hearing, testimony which appears to directly contradict the facts as laid out by the Plaintiff. There are enough facts alleged to plausibly state a claim and withstand the test for futility. Accordingly, Plaintiff's Motion for Leave to Amend to add Dr. Lewis Ferebee to Counts III and IV of Plaintiff's Complaint is **GRANTED**.

## <u>Conclusion</u>

Plaintiff's Motion to Amend/Correct Complaint is **GRANTED IN PART** and

**DENIED IN PART**. The Plaintiff shall file her First Amended Complaint pursuant

to the instructions laid out herein, within three (3) days of this Order, and said

Complaint will be file-stamped by the Clerk with a date of December 28, 2017.

So ORDERED.

Date: 6/4/2018

_Doris L. Pryor_
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:
Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.