UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH L. LESER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:16-cv-02044-TWP-DLP |
| ) | |
| INDIANAPOLIS PUBLIC SCHOOLS, BOARD ) | |
| OF SCHOOL COMMISSIONERS FOR THE ) | |
| CITY OF INDIANAPOLIS, MARY SULLIVAN, ) | |
| individually and in her official capacity, SAM ) | |
| ODLE, individually and in his official capacity, ) | |
| LANIER ECHOLS, individually and in her official ) | |
| capacity, MICHAEL O'CONNOR, individually ) | |
| and in his official capacity, GAYLE COSBY, ) | |
| individually and in her official capacity, KELLY ) | |
| BENTLEY, individually and in her official capacity,) | |
| DIANE ARNOLD, individually and in her official ) | |
| capacity, LEWIS D. FEREBEE, WANDA ) | |
| LEGRAND, LE BOLER, SHALON DABNEY, ) | |
| and LELA TINA HESTER, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANTS' RULE 72(A) OBJECTION TO
ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

This matter is before the Court on Defendants' Indianapolis Public School ("IPS"), Board of School Commissioners for the City of Indianapolis ("the Board"), Mary Ann Sullivan ("Sullivan"), Sam Odle ("Odle"), Lanier Echols ("Echols"), Michael O'Connor ("O'Connor"), Gayle Cosby ("Cosby"), Kelly Bentley ("Bentley"), Diane Arnold ("Arnold"), Dr. Lewis D. Ferebee ("Dr. Ferebee"), Le Boler ("Boler"), Dr. Wanda Legrand (" Dr. Legrand"), Shalon Dabney ("Dabney"), and Lela Tina Hester's ("Hester") (collectively, "Defendants") Rule 72(a) Objection to Order on Plaintiff's Motion to Amend Complaint. (Filing No. 109.) Plaintiff Deborah L. Leser ("Leser") seeks the Court's leave to add additional Defendants, Dr. Ferebee, Dr. Legrand, Dabney,

Hester, and Boler, (collectively, "Newly Added Defendants"), to her Complaint.[1] Also before the Court is Defendants Motion for Extension of Time to Respond to Plaintiff's First Amended Complaint, ([Filing No. 110](#)). For the reasons that follow, the Court **overrules in part** and **sustains in part** Defendants' Objection to the Magistrate Judge's decision.

## I. LEGAL STANDARD

A district court may refer for decision a non-dispositive pretrial motion to a magistrate judge under Federal Rule of Civil Procedure 72(a). Rule 72(a) provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

After reviewing objections to a magistrate judge's order, the district court will modify or set aside the order only if it is clearly erroneous or contrary to law. The clear error standard is highly deferential, permitting reversal only when the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Federal Rule of Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within twenty-one days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b)." After a responsive pleading has been filed and twenty-one days have passed, "a party may amend its pleading only with the opposing party's written consent

---

[1] IPS, the Board, Sullivan, Odle, Echols, O'Connor, Cosby, Bentley, and Arnold will be referred to as "Original Defendants."

2

or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The rule, however, "do[es] not mandate that leave be granted in every case. In particular, a district court may deny a plaintiff leave to amend his complaint if there is undue delay, bad faith[,] or dilatory motive . . . [, or] undue prejudice . . . , [or] futility of amendment." *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002) (internal citation and quotation marks omitted). A proposed amendment is futile if it "fails to cure the deficiencies in the original pleading, or could not survive a [] motion to dismiss." *Perkins v. Silverstein*, 939 F.2d 463, 472 (7th Cir. 1991). "Whether to grant or deny leave to amend is within the district court's discretion." *Campbell v. Ingersoll Milling Machine Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

## II. BACKGROUND

Leser instituted this lawsuit following her termination from IPS, alleging violations of procedural and substantive due process rights under both federal and state law. (Filing No. 1.) Leser began working for IPS in 1995. During her tenure with IPS, she held several positions, including: teacher, counselor, vice principal, and principal. Leser's most recent IPS title was Director of Student Services. As Director of Student Services, she was tasked with supervising the principal of Longfellow Alternative School ("Longfellow"). On February 17, 2016, William Jensen ("Jensen"), then-principal of Longfellow, contacted Leser regarding a parent's report of an inappropriate sexual relationship ("the Taylor Relationship") between a student and a Longfellow employee named Shana Taylor ("Taylor"). Leser directed Jensen to contact Hester, the Assistant Superintendent of Human Resources. *Id.* at 9. The very same day, Dr. Ferebee, the Superintendent of IPS, also learned of at least an inappropriate relationship between Taylor and the student. *Id.* at 10. Hester advised Jensen not to contact the police, and assigned Dabney to investigate.

3

Meanwhile, Leser made several calls to other IPS employees, including: Dr. Legrand; Human Resources officer Sandra Bombic; and IPS Chief Strategist Boler. After informing each of them of the inappropriate relationship at Longfellow, Leser asked Dr. Legrand if there was anything else she needed to do. Dr. Legrand stated: "sounds like you have it handled." *Id.* at 14. Boler also assured Leser that she would inform Dr. Ferebee. None of the employees contacted the police.

On February 23, 2016, Dabney told Mark Cosand ("Cosand") to report the relationship to Child Protective Services ("CPS"), which Cosand reported the very same day. *Id.* at 10. On March 2, 2016, the "Shana Taylor story" became public. Thereafter, IPS attorney David Given ("Given") interviewed Leser, as well as others including: Jensen, Cosand, Dabney and Hester. Given explained that his goal was to gather facts regarding the complaint made against Taylor. Dr. Ferebee also conducted interviews. Leser was suspended on March 15, 2016. *Id.* at 19. Hester and Dabney were criminally charged with failure to make a report on April 12, 2016. Hester and Dabney were permitted to resign from their employment on June 30, 2016. No criminal charges were filed against Leser. On June 1, 2016, however, Leser received a letter notifying her of a preliminary decision to cancel her employment contracts for failure to report the incident to CPS. *Id.* at 19-20. On June 27, 2016, a hearing was held before the Board and, on June 30, 2016, the Board unanimously voted to cancel Leser's employment contracts based on insubordination and neglect of duty.

Leser initiated this action on July 29, 2016 alleging the Defendants denied her due process. Specifically, Leser alleges: 1) Count I-Defendants failed to provide proper notice regarding the hearing; 2) Count II-Attorney Given and Dr. Ferebee failed to advise her of her *Garrity* rights prior to interviewing her; 3) Count III-Defendants' decision to terminate her was arbitrary and

4

capricious; and 5) Count IV-the Court should review the decision to terminate Leser and grant her relief pursuant to Indiana Code § 4-21.5-5-14. (Filing No. 1.) On July 28, 2017, this Court dismissed Count II of Leser's Complaint, regarding deprivation of her *Garrity* rights. (Filing No. 49.) The Court further determined that, at this early stage in the litigation, Defendants' qualified immunity claim was not yet ripe, due to a lack of information before the Court.[2] On December 28, 2017, the deadline by which to amend the pleadings and/or join additional parties, Leser filed a Motion to Amend/Correct the Complaint, on the basis of newly discovered information that implicated the proposed Newly Added Defendants. (Filing No. 66 at 2.) Leser's Motion to Amend her initial Complaint sought to add Jonathan Mayes ("Mayes"), Given, Dr. Ferebee, Boler, Dr. Legrand, Hester, and Dabney. On June 4, 2018, Magistrate Judge Doris L. Pryor ("the Magistrate Judge") granted that Motion as to Defendants Boler, Dr. Legrand, Hester, Dabney, and Dr. Ferebee. Although Leser's Motion to Amend sought to add the Newly Added Defendants to multiple Counts, the Magistrate Judge granted the Motion to add Defendants Boler, Dr. Legrand, Hester, Dabney, and Dr. Ferebee to only Counts III and IV of Complaint; counts that allege under federal and state law that the Defendants arbitrarily and capriciously made the decision to terminate her teaching and administrative assignments. (Filing No. 104 at 7, 9; Filing No. 105 at 23-25.) On June 18, 2018, Defendants filed their objection to the Magistrate Judge's Order. (Filing No. 109.)

### III. DISCUSSION

**A.** **The Magistrate Judge's Order**

---

[2] In the Magistrate's Order on Plaintiff's Motion to Amend the Complaint, the Magistrate Judge correctly denied Defendants' arguments that leave to amend should be denied on the basis of qualified immunity. ("Since this Court has already considered the issue of qualified immunity at length and no additional information has been offered, the Court will not consider the Defendants' arguments related to qualified immunity here.") (Filing No. 104 at 2, n.1.)

5

The Magistrate Judge's order granted in part and denied in part Leser's Motion to amend the Complaint. It was denied as to the addition of Given, Mayes, as well as Dr. Ferebee (as to Counts I and II only). No party objects to this portion of the Order. As noted previously, the Magistrate Judge granted Leser's Motion to Amend with regards to adding Boler, Dr. Legrand, Hester, Dabney, and Dr. Ferebee to Counts III and IV. As to Boler, Dr. Legrand, Hester, and Dabney, the Order explains that the Proposed Amended Complaint lays out at length the role each of these four Defendants played in the events that brought about Leser's termination. ([Filing No. 104 at 7.](#)) With regards to Dr. Ferebee, the Order held that there were "enough facts alleged to plausibly state a claim and withstand the test of futility," based on the alleged facts that Dr. Ferebee was involved in the initial decision to terminate Leser and made the recommendation to the Board that Leser's contract be terminated. *Id.* at 9.

**B.** **Defendants' Objections**

Defendants assert three bases for objecting to the Magistrate Judge's Order: 1) as a matter of law, the Newly Added Defendants' involvement with Leser's termination does not establish potential liability *i.e.* adding them would be futile; 2) the Newly Added Defendants are entitled to qualified immunity; and 3) the Newly Added Defendants are not parties from whom relief may be obtained. Leser responds that the Newly Added Defendants were fundamental to the investigation and eventual termination of her employment, and that any delay in adding these defendants was because the Original Defendants withheld documents and continue to withhold documents. ([Filing No. 114 at 2.](#)) Additionally, Leser responds that the Newly Added Defendants are not entitled to qualified immunity, and they are proper parties from whom relief can be granted. The Court will address each objection in turn.

### 1. Futility of Amendment

Defendants cite extensive factual allegations from the Proposed Amended Complaint regarding Boler's, Dr. Legrand's, Hester's, and Dabney's involvement in the investigation of the Taylor Relationship, including subsequent events related to Leser's termination and directions given to Leser on how to proceed. ([Filing No. 109 at 6-7](#)) (citing [Filing No. 66-1 at 11-15](#)). Yet, Defendants then summarize these extensive factual allegations as merely *awareness* of the Taylor Relationship from which Leser concludes the Newly Added Defendants were somehow responsible for her termination. Specifically, based on Defendants' citations to the Proposed Amended Complaint, the factual allegations included directions from Hester, Boler, and Dr. Legrand, at a minimum, which is more than awareness. Defendants concede that Dr. Ferebee recommended termination of Leser's employment, but that the Board's hearing and resulting findings overrode any alleged involvement by the Newly Added Defendants. In contrast to Defendants' summary of the factual allegations, the Magistrate Judge's accurate summary of the factual allegations was stated as follows:

> In her Motion to Amend and the Proposed Amended Complaint, the Plaintiff lays out at length the involvement of these four Defendants in the events that brought about her termination. Leser maintains that she complied with IPS protocol in reporting the Shana Taylor incident. When Leser questioned whether there was anything else that she needed to do with regarding to reporting, Dr. LeGrand stated that "it sounded like [Leser] had it covered." (Dkt. 66-1 at 17). Leser argues that Le Boler was responsible for orchestrating her termination because Le Boler "was one of the first to learn of the Shana Taylor matter, but did not report it." (Dkt. 66 at 3). Instead, Ms. Boler indicated that she would inform Dr. Ferebee of the incident.

([Filing No. 104 at 7](#).) Additionally, the Magistrate Judge noted that Hester and Dabney "were criminally charged with failing to report the Shala Taylor incident to CPS after learning about it from Leser." *Id.* at 8.

Defendants contend that the Magistrate Judge's decision was in error because even if the Newly Added Defendants were part of the causal chain that resulted in her termination, only decision-makers can be held liable under § 1983. (Filing No. 109 at 7-8.) The Newly Added Defendants have been added to this lawsuit in their individual and official capacities. To state a claim under § 1983 for an "arbitrary and capricious" termination, the Seventh Circuit has held that:

> it has long been our precedent that a plaintiff who challenges the substance of a government decision on substantive due process grounds (as opposed to challenging the process the decision-makers used on procedural due process grounds) must show (1) that the decision was arbitrary and irrational, and (2) that the decision-makers either committed another substantive constitutional violation or that state remedies are inadequate.

*Strasburger v. Bd. of Educ., Hardin Cty. Cmty. Unit Sch. Dist. No. 1*, 143 F.3d 351, 357 (7th Cir. 1998). Defendants are correct that only decision-makers may be held liable for an arbitrary and capricious termination on substantive due process grounds.[3] However, the Proposed Amended Complaint alleges Boler, Hester, Dabney, Legrand, and Dr. Ferebee were decision-makers acting under color of state law. (Filing No. 105 at 23-24). For purposes of § 1983 liability, the decision maker for any given action depends on who is "at the apex of authority for the action in question." *Perry v. City of Indianapolis,* 1:11-cv-172-RLY-TAB, 2013 WL 1750747 at *6 (S.D. Ind. April 23, 2013) (quoting *Gernetzke v. Kenosha Unified Sch. Dist. No. 1*, 274 F.3d 464, 468 (7th Cir. 2001). "State law determines who legally constitutes a final policymaker." *Darchak v. City of Chicago Bd. of Educ.,* 580 F.3d 622, 629 (7th Cir. 2009). Defendants' contend that under Indiana law the decision to terminate employment is placed with the Board of School Commissioners. The Indiana Court of Appeals has recognized that the city board of education and its superintendent may act in concert in deciding whether to cancel a teacher's contract. *Myers v. Greater Clark Cty.*

---

[3] Although not at issue in the pending matter, Leser's Complaint includes a procedural due process violation count. (Filing No. 105 at 22.)

8

*Sch. Corp.,* 464 N.E.2d 1323, 1329 (Ind. Ct. App. 1984). Moreover, in §1983 actions, the Seventh Circuit recognizes *de facto* decision-makers when a school board, with express authority over personnel decisions, delegate or ratify termination actions. *Darchak*, 580 F.3d at 630.

It is important to note the liberal standard to "freely give leave [to amend a complaint] when justice so requires. Fed. R. Civ. Pro. 15(a)(2). Moreover, the clear error standard on the Magistrate Judge's ruling is highly deferential, permitting reversal only when the district court "is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.,* 126 F.3d 926, 943 (7th Cir. 1997). Dr. Ferebee, as superintendent of IPS, is alleged to be involved in the initial decision to terminate Leser and made the recommendation to the Board to terminate Leser. Defendants concede Dr. Ferebee made the recommendation to the Board to terminate Leser's employment. ([Filing No. 109 at 9](#)). Hester, the then-Human Resources Operation Officer, is alleged to have been the first person contacted regarding the Taylor Relationship, and told Jensen not to involve the police. ([Filing No. 105 at 10-11](#).) Additionally, Leser points the Court to emails between Hester and Dr. Ferebee regarding pre-termination communications on orchestrating Leser's termination. ([Filing No. 114 at 3](#); [Filing No. 114-4](#).) Boler, Chief Strategist at IPS, is alleged to be another person Leser contacted about the Taylor Relationship, and Leser asked Boler if there was anything else she needed to do. ([Filing No. 105 at 16](#).) Dr. Legrand, Deputy Superintendent of IPS, is alleged to have also been contacted regarding the Taylor Relationship. ([Filing No. 105 at 15](#).) When Leser asked Dr. Legrand "if there was anything else she needed to do, Dr. Legrand indicated there was not, saying 'sounds like you have it handled.'" *Id.* at 15-16. Dabney, Human Resources Case Manager at IPS, was assigned by Hester to investigate the Taylor Relationship. There are no allegations that Leser dealt directly with Dabney, or that Dabney gave any directions to Leser. *See id.* at 16.

9

The Court finds that Dabney is the only Newly Added Defendant that it would be futile to add to the Proposed Amended Complaint, as she was not in a decision-making role (as evidenced by her title-case manager). Nor is Dabney alleged to have been an active participant in Leser's termination decision, other than investigating the Taylor Relationship, which is insufficient under both Indiana and federal law. According to the Proposed Amended Complaint, Dabney is the only Newly Added Defendant alleged to have only mere *awareness* regarding Leser's termination. The Magistrate Judge erred in allowing Dabney to be added to the lawsuit. Accordingly, Dabney is **dismissed** from the lawsuit **with prejudice**.

As for Dr. Ferebee, Dr. Legrand, Hester, and Boler, there are sufficient plausible allegations, at this juncture, regarding their concerted involvement with Leser's termination.

### 2. Qualified Immunity

As noted previously, relying on this Court's Order on the issue of qualified immunity applied to the Original Defendants on a Motion to Dismiss, the Magistrate Judge did not consider the issue of qualified immunity.

> Since this Court has already considered the issue of qualified immunity at length and no additional information has been offered, the Court will not consider the Defendants' arguments related to qualified immunity here. Accordingly, any request by the Defendants that leave to amend should be denied on the basis of qualified immunity should be considered denied.

([Filing No. 104 at 2](#) n.1.) This Court held as to the Original Defendants:

> As discussed above, Leser has alleged sufficient facts to state a claim for arbitrary termination in violation of the Fourteenth Amendment. Leser's Complaint alleges that despite obeying the rules outlined in IPS Procedure 3213.01, the Commissioners terminated her. This fact, as well as the fact that the Commissioners did not terminate others who had knowledge of the inappropriate relationship, would make it clear to a reasonable Commissioner that Leser's substantive due process rights were violated. Accordingly, at this early stage of this litigation, the Defendants' qualified immunity claim[] is denied.

10

([Filing No. 49 at 17](#).) Leser incorporates her argument contained in her Response in Opposition to Defendants' Motion to Dismiss (against the Original Defendants) by reference as applied to the Newly Added Defendants. ([Filing No. 114 at 5](#).) Defendants correctly note that each Defendant's entitlement to qualified immunity should be determined on its own merits. ([Filing No. 109 at 12](#) n.3.) Due to numerous disputes, litigation has been essentially halted in this case. Thus, the Magistrate Judge reasonably did not consider Defendants' arguments related to qualified immunity, as this Court had already considered the issue of qualified immunity at length and no additional information has been offered. Moreover, the qualified immunity issue is inextricably connected to the constitutional issues raised against the Newly Added Defendants. Given the trajectory of this case, Defendants' argument for denying a motion to amend at the pleadings stage, on the basis of qualified immunity, faces a larger hurdle than it did at the motion to dismiss stage. Thus, the Newly Added Defendants argument for qualified immunity meets the same fate as the Original Defendants because Leser has alleged sufficient facts to state a claim for arbitrary and capricious termination, under *Twombly/Iqbal*, at this early stage of this litigation. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Unfortunately, the needle has barely moved in this case since this Court's July 28, 2017 Entry on Motion to Dismiss. The Newly Added Defendants' Objection to the Magistrate Judge's Order on qualified immunity is **overruled**.

      3.     **<u>Parties from Whom Relief May Be Granted</u>**

Defendants' contend that the Magistrate Judge erred when allowing Leser to amend her Complaint to add the Newly Added Defendants to Count IV of the Complaint (Petition for Review Pursuant to Ind. Code § 4-21.5-5-14). Specifically, Defendants explain that Leser may seek judicial review pursuant to the Teacher Tenure Act, but not pursuant to the Indiana Administrative Orders and Procedures Act ("AOPA"), and that there is no right under Indiana law to add

11

individual parties in their individual or official capacities. ([Filing No. 109 at 14](); [Filing No. 118 at 7]().) Leser responds that Defendants failed to cite any case law or statutory authority to support their contention, and the reason for this failure is because none exists. ([Filing No. 114 at 6]().) As noted previously, the Proposed Amended Complaint sufficiently alleges a plausible theory that the Newly Added Defendants terminated Leser's employment. The Court agrees with Defendants' first contention in that the Teacher Tenure Act governs judicial review of a school board's pre-deprivation termination proceedings. Ind. Code 20-28-7.5-3. *See Board of School Com'rs of City of Indianapolis v. Walpole,* 801 N.E.2d 622, 625 (Ind. 2004). However, Defendants' contention that AOPA could not apply in this case is misplaced, as Leser's Count IV hinges on whether various IPS procedures were violated warranting her termination. (*See* [Filing No. 105 at 25-26]().) Additionally, Leser raises evidentiary deficiencies related to the hearing. In any event, there is a lack of information, at this stage, as to whether the Board or the Newly Added Defendants held the ultimate authority to terminate Leser (and if they had already done so before the Board meeting). Accordingly, the Court **overrules** this objection the Magistrate Judge's Order.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court overrules in part and sustains in part Defendants' objections to the Magistrate Judge's decision. ([Filing No. 109]().) Under Rule 72(a), the Court **MODIFIES** the Magistrate Judge's Order on Plaintiff's Motion to Amend Complaint, ([Filing No. 104]()), as to Dabney only. Leser's Motion for Leave to File Amended Complaint ([Filing No. 66]()) is **GRANTED** as to adding Defendants Dr. Ferebee, Dr. Legrand, Hester, and Boler and it is **DENIED** as to Dabney, and she is **dismissed** from this lawsuit **with prejudice.** The Clerk is directed to **terminate** Dabney as a defendant.

Defendants' Motion for Enlargement of Time to Respond to Plaintiff's First Amended Complaint, wherein they request fourteen days after the Court rules on their Rule 72(a) Objection to file a responsive pleading ([Filing No. 110](#)), is **GRANTED**. Defendants shall have **fourteen (14) days from the date of this Order** to file a responsive pleading.

    SO ORDERED.

Date: 8/8/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Kevin W. Betz
BETZ & BLEVINS
kbetz@betzadvocates.com

Jamie A. Maddox
BETZ & ASSOCIATES
jmaddox@betzadvocates.com

Ellen E. Boshkoff
FAEGRE BAKER DANIELS LLP (Indianapolis)
ellen.boshkoff@faegrebd.com

Matthew K. Giffin
FAEGRE BAKER DANIELS LLP (Indianapolis)
matt.giffin@faegrebd.com

Jonathan Lamont Mayes
BOSE MCKINNEY & EVANS, LLP
jmayes@boselaw.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com