UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH L LESER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:16-cv-02044-TWP-DLP ) |
| INDIANAPOLIS PUBLIC SCHOOLS, BOARD OF SCHOOL COMMISSIONERS FOR THE CITY OF INDIANAPOLIS, MARY ANN SULLIVAN, Individually and in her Official Capacity, SAM ODLE, Individually and in his Official Capacity, LANIER ECHOLS, Individually and in her Official Capacity, MICHAEL O'CONNOR, Individually and in his Official Capacity, GAYLE COSBY, Individually and in her Official Capacity, KELLY BENTLEY, Individually and in her Official Capacity, DIANE ARNOLD Individually and in her Official Capacity, LEWIS D. FEREBEE, Individually and in his Official Capacity, LE BOLER, Individually and in her Official Capacity, WANDA LEGRAND, Individually and in her Official Capacity, LELA TINA HESTER, Individually and in her Official Capacity, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **O**RDER

This matter comes before the Court on the IPS Defendants' Motion to Strike Exhibit 27 to Plaintiff's January 22, 2019 Motion to Compel (Dkt. 160). The motion

was referred to the Undersigned for ruling and, for the reasons that follow, is hereby **GRANTED**.

I.     Background

On January 15, 2019, the parties participated in a telephonic status conference with the Undersigned, wherein it was noted that the parties had a pending discovery dispute related to the Defendants' Rule 26(b)(5)(A) privilege log. The Court ordered additional briefing, which resulted in the Plaintiff's Motion to Compel being filed on January 22, 2019, the Defendants' Response filed on January 29, 2019, and the Plaintiff's reply filed on February 1, 2019.

Attached to her Motion to Compel, the Plaintiff filed Exhibit 27 under seal, which is a copy of the IPS Defendants' initial privilege log[1] that was inadvertently provided to the Plaintiff on March 29, 2018. The Microsoft Excel document contains attorney comments, and the Defendants claim that this document is privileged as attorney work product. The Plaintiff included Exhibit 27 as an attachment to her Motion to Compel both as a purported demonstration of the Defendants' bad faith and with the intent of having the Court determine the privilege status of the document. On January 22, 2019, the Plaintiff also filed her Motion to Maintain Exhibit Document Under Seal, which additionally requested that the Court determine the privilege status of the privilege log. On February 5, 2019, the Defendants filed the present Motion to Strike, arguing that the Plaintiff failed to comply with the Federal Rules of Civil Procedure and the Case Management Plan.

---

[1] This document will hereinafter be referred to as "Exhibit 27," "the document," or "the privilege log" interchangeably throughout this order.

## II. Legal Standard

Federal Rule of Civil Procedure 26(b)(5)B) governs how parties shall behave in the aftermath of an unintended disclosure of materials claimed to be privileged. *Woodard v. Victory Records, Inc.,* No. 11 CV 7594, 2013 WL 5951768 (N.D. Ill. Nov. 7, 2013). Federal Rule of Civil Procedure 26(b)(5)(B) states:

> If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. *After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved*; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

Fed. R. Civ. P. 26(b)(5)(B) (emphasis added).

Section III.K of the Case Management Plan, approved by the Court on August 30, 2017, provides:

> The inadvertent production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to attorney/client privilege or work product doctrine immunity, provided the producing party promptly notifies the receiving party of the inadvertent production. *Upon notification, the receiving party shall retrieve and return any such material and the receiving party's counsel shall not use such information for any purpose until further order of court.* Any analyses, memoranda or notes which were generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information. The producing party must also preserve the information until any dispute regarding the ESI or document is resolved.

Docket No. 56, III.K (emphasis added).

### III. Discussion

The present dispute centers on the IPS Defendants' inadvertent disclosure of Exhibit 27, the privilege log, to the Plaintiff in March 2018. The Defendants argue that this privilege log is unequivocally work product, because it includes the mental impressions and thought processes of the Defendants' attorneys, and that the Plaintiff's attachment of and reference to it in her Motion to Compel violates the Federal Rules of Civil Procedure.

The Plaintiff filed her response on February 15, 2019, arguing that Exhibit 27 is not protected under privilege, the Plaintiff properly sequestered the document, and the Plaintiff followed the requirements of Federal Rule of Civil Procedure 26(b)(5) in filing the document under seal so that the Court may determine its privilege status.

In order to evaluate whether the Plaintiff complied with Rule 26(b)(5), the privilege status of Exhibit 27 must first be determined. The Defendants assert that Exhibit 27 falls squarely within the protection of the work product doctrine. This Circuit has previously noted that the work-product doctrine protects documents prepared by attorneys in anticipation of litigation for the purpose of analyzing and preparing a client's case. Fed. R. Civ. P. 26(b)(3); *Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612, 618 (7th Cir. 2010) (citing *United States v. Nobles*, 422 U.S. 225, 238-39 (1975)). The work product doctrine was designed "to protect the work of an attorney from encroachment by opposing counsel." *Haynes v. Indiana Univ.*, No. 1:15-cv-1717-LJM-DKL, 2017 WL 2903367 (S.D. Ind. 2017). In

determining whether the work product privilege applies, a court must examine whether the documents convey an attorney's thought processes and mental impressions. *Hamdan v. Indiana Univ. Health North, LLC*, No. 1:13-cv-195-WTL-MJD, 2014 WL 2881551 (S.D. Ind. June 24, 2014).

Exhibit 27 is a Microsoft Excel spreadsheet document that contains the Defendants' Rule 26(b)(5)(A) privilege log. The document also includes a column labeled "Atty Comments," which is comprised of notes circulated among Defendants' attorneys as to the potential privilege status of each line entry. The Court can think of no better example of attorney work product than Exhibit 27, as these notes undoubtedly embody the attorneys' thought processes and mental impressions. Exhibit 27 is a privileged document and, therefore, is subject to the requirements of both Rule 26(b)(5)(B) and the Case Management Plan's provision related to inadvertent disclosure.

Rule 26(b)(5)(B) lays out four steps for a party who receives an inadvertent disclosure (i.e, the Plaintiff here). Once notified of the disclosure, first the receiving party "must promptly return, sequester, or destroy the specified information and any copies it has." Fed. R. Civ. P. 26(b)(5)(B). Based on representations made by both parties, the Court is not satisfied that the Plaintiff promptly sequestered the document in this case. In both the Plaintiff's Response to the present Motion and in Footnote 1 to her Brief in Support of the Motion to Compel, Plaintiff's counsel indicates that she reviewed the privilege log after being notified by the Defendants of the inadvertent disclosure. There are some inconsistencies in the timeline of

when Ms. Maddox was notified of the disclosure, so the Court will assume, for the purposes of this motion, that the document was sequestered as soon as practicable by each attorney after notification.

Next, the receiving party "must not use or disclose the information until the claim is resolved." Fed. R. Civ. P. 26(b)(5)(B). On this point, the parties disagree. The Plaintiff claims that she did not "use" Exhibit 27, because she merely attached a cover letter as Exhibit 27 to the motion and separately filed a sealed copy, along with a motion (Dkt. 154) requesting that the Court determine its privileged status. The Defendant argues in return that by attaching Exhibit 27 to her motion, in any form, the Plaintiff thereby used the document according to the plain meaning of the word "use." The Court agrees with the Plaintiff here – by only attaching a cover letter and separately filing a motion for the Court to determine the status of privilege and inadvertent disclosure, the Plaintiff properly followed the requirements of Rule 26(b)(5)(B) with regard to the attachment.

Where the Plaintiff oversteps the Rule, however, is in Footnote 1 to her Brief in Support of the Motion to Compel (Dkt. 152, p. 2). The Plaintiff states:

> A copy of the IPS Defendants' initial privilege log provided to counsel for Ms. Leser on March 29, 2018 is filed under seal as "Exhibit 27," and Ms. Leser is also filing a *Motion to Maintain Under Seal* simultaneously with this *Motion to Compel*. IPS Defendants claim that this initial privilege log containing attorney comments was inadvertently provided to counsel for Ms. Leser. When counsel for Ms. Leser discovered the disclosure, they also noted that they received two (2) letters from Amy Steketee Fox, previous counsel for the IPS Defendants, on Saturday, March 31, 2018 regarding what the IPS Defendants claims was an inadvertent disclosure. During a subsequent phone call with Ms. Steketee Fox, counsel for Ms. Leser acknowledged receipt of the March 31, 2018 letters. Pursuant to FRCP 26(b)(5)(B) and Ms. Steketee Fox's follow-up

> letter, counsel for Ms. Leser sequestered these privilege logs containing attorney notes. *Based on the initial review of the IPS Defendants' privilege log provided on March 29, 2018, however, it appears that the IPS Defendants are withholding documents in bad faith.* This, in conjunction with asserting a privilege based on inapplicable case law, is bad faith. Pursuant to FRCP 26(b)(5)(B), Ms. Leser requests that the Court make a determination that Exhibit 27 is not protected by attorney-client privilege based on the IPS Defendants' bad faith in withholding documents.

Dkt. 152, n. 1. The Court concludes that the Plaintiff attempts to use Exhibit 27 in Footnote 1 to justify her Motion to Compel, thereby violating the Federal Rules.

Moreover, the parties' approved Case Management Plan states that "the receiving party shall retrieve and return any such material and the receiving party's counsel shall not use such information for any purpose until further order of court." Dkt. 56, III.K. The Plaintiff's reference to Exhibit 27 in Footnote 1 to her Brief in Support of the Motion to Compel clearly constitutes a "use" of the information. The Plaintiff has failed to meet the requirements of both the Federal Rules and the Case Management Plan.

## IV. Conclusion

The Plaintiff failed to comply with Federal Rule of Civil Procedure 26(b)(5)(B) and the Case Management Plan. Therefore, the Court hereby **GRANTS** the IPS Defendants' Motion to Strike Exhibit 27 to the Plaintiff's Motion to Compel. Exhibit 27, at Docket Numbers 152-27 and 153 are **STRICKEN** from the record and will not be considered in the Undersigned's ruling on the Plaintiff's Motion to Compel.

So ORDERED.

Date: 2/22/2019

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email