UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEBORAH L LESER, </br></br> Plaintiff, </br></br> v. </br></br> INDIANAPOLIS PUBLIC SCHOOLS, </br> BOARD OF SCHOOL COMMISSIONERS </br> FOR THE CITY OF INDIANAPOLIS, </br> MARY ANN SULLIVAN, Individually and </br> in her Official Capacity, </br> SAM ODLE, Individually and in his Official </br> Capacity, </br> LANIER ECHOLS, Individually and in her </br> Official Capacity, </br> MICHAEL O'CONNOR, Individually and in </br> his Official Capacity, </br> GAYLE COSBY, Individually and in her </br> Official Capacity, </br> KELLY BENTLEY, Individually and in her </br> Official Capacity, </br> DIANE ARNOLD Individually and in her </br> Official Capacity, </br> LEWIS D. FEREBEE, Individually and in </br> his Official Capacity, </br> LE BOLER, Individually and in her Official </br> Capacity, </br> WANDA LEGRAND, Individually and in </br> her Official Capacity, </br> LELA TINA HESTER, Individually and in </br> her Official Capacity, </br></br> Defendants. | No. 1:16-cv-02044-TWP-DLP |

## **O**RDER

This matter comes before the Court on the Plaintiff's Motion to Compel

Production of Documents, Request for *In Camera* Review, and Request for Sanctions

(Dkt. 151)[1]. The motion was referred to the Undersigned for ruling and, for the reasons that follow, is hereby **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

For the purposes of this Order, the Court assumes familiarity with the underlying facts of this case. On January 15, 2019, the Court conducted a discovery conference with the parties, wherein it was represented that the parties had ongoing issues related to discovery and the Defendants' privilege log. On January 22, 2019, the Plaintiff filed the instant motion for production of documents, *in camera* review, and for sanctions. The Defendants filed their response on January 28, 2019 and the Plaintiff filed her response on February 1, 2019.

During the March 13, 2019 discovery dispute conference, the Plaintiff alerted the Court to two discrepancies in the privilege log, at which point the Court requested that the Plaintiff identify any other discrepancies, misrepresentations, or insufficiencies in the Defendants' privilege log through supplemental briefing. Specifically, the Court wanted the parties to address the sufficiency of the general description of the privileged entries in the log to assist the Court in determining whether the Defendants' documents could appropriately be withheld under attorney-client privilege.

The parties appeared for a telephonic status conference on March 19, 2019 to address counsel for the Defendants' questions regarding the purpose of the

---

[1] The parties submitted identical briefing in the instant case and in the related case, *Jensen v. Indianapolis Public Schools, et al*, 1:16-cv-2047-TWP-DLP. The Court will primarily address the *Leser* filings in this Order.

supplemental briefing. The Court reemphasized the need for additional briefing to address the Plaintiff's allegations that the Defendants' privilege log contained numerous discrepancies and misrepresentations. The Plaintiff filed her additional briefing on March 21, 2019 and the Defendants filed their response brief on March 28, 2019. A reply was filed by the Plaintiff on April 3, 2019.

The parties appeared in person before the Undersigned for oral argument on April 4, 2019, wherein the Plaintiff alleged that all 418 entries of the Defendants' privilege log in *Leser* and 543 out of 552 entries in *Jensen* contained insufficiencies, misrepresentations, or mistakes. After reviewing a small sample at oral argument, the Court concluded that while the general descriptions may have been sufficient on their face, the descriptions did not match up with the documents they allegedly described, and ordered the Defendants to submit a revised privilege log by Friday, April 5, 2019.

On April 8, 2019, the parties returned for additional oral argument before the Undersigned. After reviewing the revised log to determine whether the attorney-client privilege was properly applied, the Court ordered the Defendants to produce 148 withheld documents for *in camera* review, which were provided to the Court on April 10 and 11, 2019.

## II. Legal Standard

In discovery, parties are generally entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Privileged matter may

be withheld, but if a party believes that material has been improperly withheld, the party may move for the Court to compel production. S.D. Ind. L.R. 37-1; Fed. R. Civ. P. 26(b)(5)(A). The party opposing a motion to compel has the burden to show the discovery requests are improper. *Cunningham v. Smithkline Beecham*, 255 F.R.D 474, 478 (N.D. Ind. 2009).

Attorney-client privilege is a federal common law doctrine that allows people to withhold relevant "confidential communications made for the purpose of facilitating the rendition of professional legal services." *US v. BDO Seidman, LLP*, 492 F.3d 806, 815 (7th Cir. 2007). For a communication to be protected by attorney-client privilege, the communication must have been made (1) in confidence, (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship. *Id.* The party resisting production must expressly invoke the privilege and "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii).

Parties commonly comply with the requirements for asserting a privilege by providing a privilege log that contains: 1) the name and job title or capacity of the author/originators; 2) the names of all persons who received the document or a copy of it and their affiliation (if any) with the producing party; 3) a general description of the document by type (e.g., letter, memo, report); 4) the date of the document; and

5) a general description of the subject matter of the document. *In re Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d 1207, 1218-1219 (S.D. Ind. 2001).

Privilege is typically asserted on a document-by-document basis. *Indianapolis Airport Auth. V. Travelers Prop. Cas. Co. of Am.,* No. 1:13-cv-01316-JMS-TAB, 2015 WL 4715202 (S.D. Ind. Aug. 7, 2015) (citing *Long v. Anderson University*, 204 F.R.D. 129, 134 (S.D. Ind. 2001). The inquiry into whether documents are subject to a privilege is a highly fact-specific one. "Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies." *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) (citing *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990)).

### III.  Discussion

When briefing the present Motion, the parties divided the Defendants' privilege log into four categories: 1) communications where no attorneys were included or where attorneys were only cc'ed; 2) communications involving third parties; 3) communications involving David Given; and 4) communications between the IPS administration and the IPS Board and their respective counsel. The Court addressed the third argument related to David Given during the April 8, 2019 oral argument and will not discuss it here. The fourth argument related to

communications between the IPS Administration and the IPS Board will also not be discussed here[2].

During oral argument, the Undersigned requested *in camera* review of certain withheld documents that fell into two categories: 1) communications involving Robert Vane where the privilege log did not establish that any individual was discussing, forwarding, or seeking legal advice; and 2) entries on the privilege log where it had not been established that any individual was discussing, forwarding, or seeking legal advice. It is the Court's position that these two categories encompass all disputed entries from the Plaintiff's briefing. The Court will address each in turn.

### A. Third Parties

The main force of the Plaintiff's argument centers on email exchanges among the Defendants that included Robert Vane, a third-party media and public relations consultant who was hired by the Defendants. The Plaintiff argued that Mr. Vane was neither an employee nor an agent of the Defendants and, therefore, any communications of which he was a part were not protected by attorney-client privilege.

Disclosure of a communication to a third party will ordinarily waive attorney-client privilege. *See United States v. Evans*, 113 F.3d 1457, 1462 (7th Cir. 1997).

---

[2] The Plaintiff cites no case law, statute, or other authority for the argument that the IPS Administration and the IPS Board had separate counsel and, therefore, waived any attorney-client privilege as to communications between the parties and their respective counsel. The Court may not develop arguments for litigants, and undeveloped arguments are waived. *Baldwin v. Wittle*, No. 1:17-cv-00823-JMS-DML, 2017 WL 3894957 at * 6 (S.D. Ind. Sept. 6, 2017) (citing *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005).

However, disclosure of the communication to an agent of either the client or attorney will not. *Id.; see also Indianapolis Airport Auth.*, 2015 WL 4715202, at *2 (rejecting waiver argument that "[defendant's] attorneys destroyed its privilege when it communicated with its consultants ... about [plaintiff's] claim."). The key elements in determining the existence of an agency relationship are (1) whether the agent acted on the principal's behalf, (2) whether the agent is subject to the principal's control, and (3) whether the agent assents to the control or otherwise consents so to act. *Schmucker v. Johnson Controls, Inc.*, No. 3:14-CV-1593-JD-MGG, 2017 WL 6043328, at *3 (N.D. Ind. Sept. 19, 2017). The question of whether a principal-agent relationship exists is typically a question of fact. *Clarendon Nat'l Ins. Co. v. Medina*, 645 F.3d 928, 935 (7th Cir. 2011). The party asserting an agency relationship generally has the burden to establish its existence. Restatement (Third) of Agency § 1.02 cmt. d.

Even if a principal-agent relationship does not exist, certain communications may nevertheless be withheld as privileged if those communications are related to legal advice. *Schmucker*, 2017 WL 6043328 at *5. The third party's specific involvement should be analyzed to determine whether legal advice was sought or provided and to determine whether the third party's presence in the communication is in furtherance of the attorney providing legal advice to the client. *Id.*

Firstly, although it is the Defendants' burden to prove that Mr. Vane is an agent of the Defendants, they make no real argument and draw the Court to no specifics to consider in making that determination. The Court may not develop

arguments for litigants. *Baldwin v. Wittle*, No. 1:17-cv-00823-JMS-DML, 2017 WL 3894957 at * 6 (S.D. Ind. Sept. 6, 2017) (citing *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005).

In any event, the Court reviewed the three factors on its own and determined that there is not enough evidence in the record to definitively establish that Mr. Vane acted as an agent of the Defendants. Mr. Vane did not engage in any independent conduct on the Defendants' behalf that would bind them legally in any way; he was not permitted to act on his without the Defendants' input or control; and there is no indication that Mr. Vane assented to control by the Defendants over his actions. The inquiry, however, does not end there. The Court must then determine whether Mr. Vane's presence on any communications was in furtherance of legal strategy or advice. *See Schmucker*, 2017 WL 6043328 at *5.

Thus, the Court next engaged in a careful, document-by-document review of the documents to which Plaintiff's arguments apply. Except as specifically noted below, the Court concludes that the Defendants have established that the attorney-client privilege applies to the withheld or redacted documents. Upon review, the Court has determined that Mr. Vane was included on various communications in furtherance of the Defendants' legal strategy in handling the legal ramifications of the Shana Taylor matter. While it was not clear on the face of the general description of the privilege log and by the parties' briefing, *in camera* review demonstrates that Mr. Vane operated as an extension of the Defendants in determining the best legal course of action. Accordingly, the vast majority of the

documents submitted to the Court are protected by attorney-client privilege, in that they clearly reveal conversations among the Defendants related to legal strategy and advice.

The Court has determined, however, that portions of 4 withheld documents involving Robert Vane should have been produced because they are not protected by attorney client privilege. With the necessary redactions, the following 4 documents shall be disclosed within 7 days of this Order, including:

PRIV266: The email time-stamped 6:03 p.m. from Sam Odle to Robert Vane regarding migraines is not privileged. The third sentence of the email time-stamped 1:52 p.m. regarding migraines is not privileged. The remainder of the document may be redacted.

PRIV327: The email time-stamped 8:36 p.m. from Mary Ann Sullivan to Robert Vane is not privileged. The remainder of the document may be redacted.

PRIV329: The email time-stamped 8:37 p.m. from Robert Vane to Mary Ann Sullivan is not privileged. The email time-stamped 16:36 from Mary Ann Sullivan to Robert Vane is not privileged. The remainder of the document may be redacted.

PRIV350:  The email time-stamped 6:03 p.m. from Sam Odle to Robert Vane regarding migraines is not privileged. The third sentence of the email time-stamped 1:52 p.m. regarding migraines is not privileged. The remainder of the document may be redacted.

### B. General Description

In reviewing the Defendants' revised privilege log submitted to the Court on April 5, 2019, the Undersigned determined that the general description box on several of the entries was insufficient, insofar as they did not provide enough information to determine whether legal advice was sought, received, or discussed. Some of the documents involved no attorneys on the communications and others had attorneys only cc'ed on the communication.

It is true that "simply copying a lawyer on an otherwise non-privileged communication will not transform the non-privileged document into a privileged one." *Heartland Consumer Products LLC v. DineEquity, Inc.,* No. 1:17-cv-1035-SEB-TAB, 2018 WL 3574737, *4 (S.D. Ind. July 25, 2018). The question, however, is always whether the "primary" or "predominant purpose" of the communication is to render or solicit legal advice. *BankDirect Capital Fin., LLC v. Capital Premium Fin.*, 326 F.R.D. 176 (N.D. Ill. 2018). The question for the privilege log is whether it provides enough of a factual basis to properly establish its evidentiary privilege without giving away privileged information. *Novelty, Inc. v. Mountain View Mktg., Inc.,* 265 F.R.D 370, 380 (S.D. Ind. Oct. 21, 2009). "The information must be sufficiently detailed to allow the court to determine whether the party asserting the privilege has discharged its burden of establishing the applicability of the privilege." *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 218 (N.D. Ill. 2013).

In reviewing the Defendants' revised privilege log, the Court had lingering concerns over certain communication descriptions. These descriptions did not, on their face, convey to the Court that the individuals involved in the communication were in some way discussing, forwarding, or seeking legal advice. Merely copying an attorney on a communication does not automatically render that communication privileged. *Heartland*, 2018 WL3574737 at *4. A description that says an attorney and a non-attorney discussed the Taylor matter similarly does not convey to the reader that any individual was discussing, forwarding, or seeking legal advice.

In addition to reviewing the 148 documents submitted for *in camera* review for concerns related to communications involving third parties, as outlined *infra*, the Court reviewed those documents where the description box was insufficient to establish the Defendants' claim of attorney-client privilege. That *in camera* review revealed that the vast majority of the withheld or redacted documents related to the provision of legal advice or the discussion of legal strategy and are protected under the attorney-client privilege. The Court did find two, however, that will be produced subject to redaction as follows:

PRIV100: The email time-stamped 7:10 p.m. from Zachary Mulholland to the Board members and counsel is not privileged. The remainder of the document may be redacted.

PRIV101: The email time-stamped 10:11 a.m. from Mary Ann Sullivan to Michael O'Connor is not privileged. The email time-stamped 7:10 p.m. from Zachary

Mulholland to the Board members and counsel is not privileged. The remainder of the document may be redacted.

The Court also finds that the four following documents do not relate to legal advice or strategy and, therefore, orders complete production of IPS_LESER5405/PRIV024, PRIV224, PRIV226, PRIV146.

### IV. Conclusion

Plaintiff's Motion to Compel Production of Documents, Request for *In Camera* Review, and Request for Sanctions (Dkt. 151) is hereby **GRANTED IN PART** and **DENIED IN PART**.

The Court orders complete production of IPS_LESER5405/PRIV024, PRIV224, PRIV226, PRIV146.

The Court orders production of PRIV100, PRIV101, PRIV266, PRIV327, PRIV329, PRIV350, with the redactions as outlined above.

Additionally, the Court will address the Plaintiff's Request for Sanctions via separate order.

So ORDERED.

Date: 4/18/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email