UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH L LESER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02044-TWP-DLP |
| | ) | |
| INDIANAPOLIS PUBLIC SCHOOLS, | ) | |
| BOARD OF SCHOOL COMMISSIONERS | ) | |
| FOR THE CITY OF INDIANAPOLIS, | ) | |
| MARY ANN SULLIVAN, Individually and | ) | |
| in her Official Capacity, | ) | |
| SAM ODLE, Individually and in his Official | ) | |
| Capacity, | ) | |
| LANIER ECHOLS, Individually and in her | ) | |
| Official Capacity, | ) | |
| MICHAEL O'CONNOR, Individually and in | ) | |
| his Official Capacity, | ) | |
| GAYLE COSBY, Individually and in her | ) | |
| Official Capacity, | ) | |
| KELLY BENTLEY, Individually and in her | ) | |
| Official Capacity, | ) | |
| DIANE ARNOLD Individually and in her | ) | |
| Official Capacity, | ) | |
| LEWIS D. FEREBEE, Individually and in | ) | |
| his Official Capacity, | ) | |
| LE BOLER, Individually and in her Official | ) | |
| Capacity, | ) | |
| WANDA LEGRAND, Individually and in | ) | |
| her Official Capacity, | ) | |
| LELA TINA HESTER, Individually and in | ) | |
| her Official Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON SANCTIONS**

This matter comes before the Court on the Plaintiff's Motion to Compel

Production of Documents, Request for *In Camera* Review, and Request for Sanctions

(Dkt. 151)[1]. The Court previously granted and denied in part the Plaintiff's Motion to Compel and Request for *In Camera* Review, but took the Request for Sanctions under consideration. [Dkt. 208.] The Undersigned now recommends that the Plaintiff's Request for Sanctions be **GRANTED IN PART** and **DENIED IN PART**.

I.  Background

The Court assumes familiarity with the underlying facts of this case, however, some background facts surrounding the Motion to Compel bear mentioning. On March 29, 2018, the Defendants provided the Plaintiff with their initial privilege log, which contained 404 separate entries. The parties discussed this privilege log during a meet and confer telephone call on May 11, 2018. The parties later discussed this with the Court during a telephonic status conference on May 30, 2018. The parties agreed to work together to resolve the Plaintiff's concerns with the privilege log. Following the status conference, on June 1, 2018, Plaintiff's counsel color-coded the Defendants' privilege log, identifying documents that did not appear to qualify as privileged. After reviewing the Plaintiff's color-coded document, on June 11, 2018, the Defendants provided the Plaintiff with 10 unredacted documents from the privilege log.

On September 18, 2018, the Defendants provided a second privilege log to the Plaintiff that contained a total of 459 entries. On December 14, 2018, Plaintiff's counsel color-coded the Defendants' second privilege log to highlight those

---

[1] The parties submitted identical briefing in the instant case and in the related case, *Jensen v. Indianapolis Public Schools, et al*, 1:16-cv-2047-TWP-DLP. The Court will primarily address the *Leser* filings in this Entry.

documents she believed to be improperly withheld under attorney-client privilege. The parties discussed the second privilege log during a meet and confer telephone call on December 20, 2018. The Defendants provided a third privilege log to the Plaintiff on January 4, 2019, which the parties discussed during a follow-up telephone call on January 9, 2019.

A few days later, on January 15, 2019, the Court conducted a discovery conference with the parties, wherein it was represented that the parties had ongoing issues related to discovery and the Defendants' privilege log. On January 22, 2019, the Plaintiff filed her Motion to Compel Production of Documents, *In Camera* Review, and Request for Sanctions. The Defendants filed their response on January 28, 2019 and the Plaintiff filed her response on February 1, 2019.

During a status call on March 13, 2019, the Plaintiff alerted the Court to discrepancies in the Defendants' privilege log, at which point the Court requested that the Plaintiff identify any other discrepancies, misrepresentations, or insufficiencies in the Defendants' privilege log through supplemental briefing. Specifically, the Court wanted the parties to address the sufficiency of the general description of the privileged entries in the log to assist the Court in determining whether the Defendants' privilege log was reliable and whether the documents could appropriately be withheld under attorney-client privilege.

The parties appeared for a telephonic status conference on March 19, 2019 to address counsel for the Defendants' questions regarding the purpose of the supplemental briefing. The Court reemphasized the need for additional briefing to

address the Plaintiff's allegation that the Defendants' privilege log contained numerous discrepancies and misrepresentations and, thus, was unreliable. The Plaintiff filed her additional briefing on March 21, 2019 and the Defendants filed their response brief on March 28, 2019. A reply was filed by the Plaintiff on April 3, 2019.

The parties appeared in person before the Undersigned for oral argument on April 2, 2019, wherein the Plaintiff alleged that all 418 entries of the Defendants' privilege log in *Leser* and 543 out of 552 entries in *Jensen* contained insufficiencies, misrepresentations, or mistakes. The Plaintiff provided numerous binders with each insufficiency, misrepresentation, and mistake catalogued and tabbed. After reviewing a select few entries of the privilege log at oral argument, the Court concluded that while the general descriptions may have been sufficient on their face, the Plaintiff was correct in asserting that a portion of the descriptions did not match up with the documents they allegedly described. The Court ordered the Defendants to submit a revised privilege log by Friday, April 5, 2019.

On April 8, 2019, the parties returned for additional oral argument before the Undersigned. After reviewing the revised log to determine whether the attorney-client privilege was properly applied, the Court ordered the Defendants to produce 148 withheld documents for *in camera* review, which were provided to the Court on April 10 and 11, 2019. On April 18, 2019, the Court granted in part and denied in part the Plaintiff's Motion to Compel and Request for *In Camera* Review. [Dkt. 151.]

The Court noted that it would address the Plaintiff's Request for Sanctions via separate order. [*Id.*]

## II. Legal Standard

"The court's inherent power and Rule 37 supply it with broad authority to sanction parties who abuse the discovery process." *Houston v. C.G. Sec. Services, Inc.*, 302 F.R.D. 268, 281 (S.D. Ind. 2014) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45, 111 S.Ct. 2123, 115 L.Ed. 2d 27 (1991). "Rule 37 applies when a party violates a court order," *Malibu Media, LLC v. Tashiro*, No. 1:13–cv–00205–WTL–MJD, 2015 WL 2371597, at *10 (S.D. Ind. May 18, 2015), however, "a formal written order to comply with discovery is not required." *REP MCR Realty, L.L.C. v. Lynch*, 363 F. Supp. 2d 984, 998 (N.D. Ill. 2005). The Court's inherent powers also allow it to sanction bad-faith behavior. *NASCO*, 501 U.S. at 43–46. Sanctions serve two purposes: to penalize parties who do not follow the rules and to deter others tempted that abusive conduct has no consequences. *Greviskes v. Universities Research Ass'n, Inc.,* 417 F.3d 752, 759 (7th Cir. 2005).

Rule 37 sanctions are appropriate where a party displays willfulness, bad faith, or fault in violating his discovery obligations. *Marrocco v. General Motors Corp.,* 966 F.2d 220, 224 (7th Cir. 1992). Willfulness or bad faith may be inferred through a party's "pattern of contumacious conduct or dilatory tactics," *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1383 (7th Cir. 1993), and fault considers whether a party's discovery conduct demonstrates objectively a lack of reasonableness. *Marrocco*, 966 F.2d at 224.

Rule 37(a)(4)(A) states that the court shall require sanctions based upon the costs of seeking a motion to compel. *Stookey v. Teller Training Distributors, Inc.,* 9 F.3d 631, 637 (7th Cir. 1993) ("Rule 37(a)(4) clearly allows for an award of the expenses incurred in obtaining an order to compel, including attorney's fees."). Pursuant to Federal Rule of Civil Procedure 37(c)(1)(A), if the Court grants a Rule 37 motion for sanctions, it "may order payment of the reasonable expenses, including attorney's fees, caused by the failure," unless the opposing party was substantially justified, or the award would be unjust. Fed. R. Civ. P. 37(c)(1)(A); *United Consumers Club, Inc. v. Prime Time Mktg. Mgmt. Inc.,* 271 F.R.D. 487 (N.D. Ind. 2010) (citing *Rickels v. City of South Bend, Ind.,* 33 F.3d 785, 787 (7th Cir. 1994). When imposing a sanction, the Court is guided by the principle that the sanction "should be proportioned to the gravity of the offense." *Allen v. Chicago Transit Auth.,* 317 F.3d 696, 703 (7th Cir. 2003).

### III. Discussion

The Plaintiff requests that the Court award her reasonable attorneys' fees for having to file the Motion to Compel [Dkt. 151], for having to expend time, energy, and resources to handle the Defendants' "dilatory conduct" and rolling production, and because the Defendants were "withholding documents in bad faith." [Dkt. 152 at 17-18.] The Defendants argue that their discovery conduct did not constitute bad faith and that their decision to withhold various documents based on attorney-client privilege was substantially justified. [Dkt. 156 at 24.]

As discussed in the Court's Order on the Plaintiff's Motion to Compel and Request for *In Camera* Review [Dkt. 208], parties resisting the production of communications based on attorney-client privilege must "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(i)-(ii). Parties commonly comply with the requirements for asserting a privilege by providing a privilege log that contains: 1) the name and job title or capacity of the author/originators; 2) the names of all persons who received the document or a copy of it and their affiliation (if any) with the producing party; 3) a general description of the document by type (e.g., letter, memo, report); 4) the date of the document; and 5) a general description of the subject matter of the document. *In re Bridgestone/Firestone, Inc.*, 129 F. Supp. 2d 1207, 1218-1219 (S.D. Ind. 2001).

Privilege is typically asserted on a document-by-document basis. *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.,* No. 1:13-cv-01316-JMS-TAB, 2015 WL 4715202 (S.D. Ind. Aug. 7, 2015) (citing *Long v. Anderson University*, 204 F.R.D. 129, 134 (S.D. Ind. 2001). The inquiry into whether documents are subject to a privilege is a highly fact-specific one. *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) (citing *Holifield v. United States*, 909 F.2d 201, 204 (7th Cir. 1990)).

As noted above, at the March 13, 2019 discovery dispute conference the Plaintiff drew the Court's attention to various discrepancies in the Defendants'

privilege log where the description boxes did not match the documents they were supposed to describe. The Plaintiff stressed that the Court could not rely on this log in making its privilege determination because of the numerous discrepancies. In response, the Court requested that the parties address the sufficiency of the log's description boxes through supplemental briefing and set this for oral argument on April 2, 2019. Counsel for the Defendants had questions about the need for additional briefing, which prompted another status call on March 19, 2019. At the March 19 status conference, the Court then reiterated that the parties needed to address the Plaintiff's allegations that the privilege log could not be relied on because it contained numerous discrepancies and misrepresentations.

The Plaintiff followed the Court's instruction and catalogued, line by line, every alleged discrepancy and misrepresentation in both the *Leser* and *Jensen* privilege logs, and arrived at the April 2, 2019 with this information prepared in twenty-one organized, tabbed binders. At the April 2, 2019 oral argument, the Plaintiff proffered numerous examples of mistakes and discrepancies in the Defendants' privilege log. These included the same mistakes that had been raised during the March 13 and March 19 telephonic conferences. Counsel for the Defendants had failed to correct any of the mistakes that had been raised or modify the privilege log to address any of the Court's concerns discussed at the two previous conferences. The Court evaluated the 418 entries of the *Leser* privilege log and the 552 entries of the *Jensen* privilege log, but the Defendants had not updated any entries of their January 4, 2019 privilege log.

During oral argument, the Court reviewed over several hours a select few of the entries, all of which contained a misrepresentation or discrepancy. The Court concluded that the general descriptions of the privilege log may have been sufficient on their face, but that, after review, they did not match up with the documents that they allegedly described, and the appropriate resolution at that time was to provide the Defendants with an additional opportunity to revise their privilege log prior to the continuation of oral argument on April 8, 2019.

If the Defendants had updated their privilege log to ensure that the descriptions matched the documents they purported to describe at any point between their first privilege log submitted on March 29, 2018 and the first oral argument conducted on April 2, 2019, then they would have met their burden in this Circuit and under the Federal Rules of Civil Procedure. Plaintiff informed the Defendants of her issues with the privilege log on at least 4 separate occasions during that time period, through the parties' meet and confer telephone calls and by the Plaintiff's color-coded version of the privilege log. At the very least, the Defendants were on notice of significant issues with their privilege log after the Court informed the parties as such during the March 13, 2019 and March 19, 2019 telephonic status conferences. Instead, the Defendants arrived at the April 2, 2019 oral argument prepared to stand on a privilege log that contained numerous discrepancies and mistakes. But for the Defendants' failure to update the privilege log, the Plaintiff would not have needed to spend additional time and resources briefing and cataloging every mistake in the log and the Court would not have

needed to schedule supplemental oral argument. Because of the extra time and expense needed to adequately brief and argue the issue of the privilege log's sufficiency, the Court agrees that the Plaintiff should be awarded her reasonable fees and expenses.

The Court does not agree, however, that the Defendants should be responsible for the Plaintiff's fees and expenses associated with bringing the Motion to Compel or preparing for the April 8, 2019 oral argument. Irrespective of the sufficiency of the privilege log descriptions, the Plaintiff would likely have filed a motion to compel related to the documents withheld under attorney-client privilege; moreover, after *in camera* review it was clear to the Court that the vast majority of the documents were properly withheld under attorney-client privilege. Based on the Court's review, the Defendants' withholding of the documents on the revised privilege log was substantially justified. For these reasons, the Court recommends that the Plaintiff be awarded her reasonable fees and expenses, but only for the time spent researching and cataloging the sufficiency of the privilege log general descriptions between the March 19, 2019 telephonic status conference and the April 2, 2019 oral argument.

## IV. Conclusion

The Undersigned **RECOMMENDS** that the Plaintiff's Request for Sanctions (Dkt. 151) be **GRANTED IN PART** and **DENIED IN PART**. The Plaintiff, pursuant to Rule 37(c)(1)(A), should be awarded her reasonable attorneys' fees and

expenses incurred in having to brief and catalog the privilege log issues between the time period of March 19, 2019 and April 2, 2019, as detailed above. These fees and expenses should not include the costs associated with bringing Plaintiff's Motion to Compel (Dkt. 151) or preparing for oral argument on April 8, 2019. The Plaintiff should file a motion with this Court outlining her attorney time and fees and any other expenses incurred, along with any justification for the reasonableness of the monetary calculation.

Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. §636(b)(1). Failure to timely file objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure. Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

Date: 5/9/2019

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email