UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH L LESER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02044-TWP-DLP |
| | ) | |
| INDIANAPOLIS PUBLIC SCHOOLS, | ) | |
| BOARD OF SCHOOL COMMISSIONERS | ) | |
| FOR THE CITY OF INDIANAPOLIS, | ) | |
| MARY ANN SULLIVAN, Individually and | ) | |
| in her Official Capacity, | ) | |
| SAM ODLE, Individually and in his Official | ) | |
| Capacity, | ) | |
| LANIER ECHOLS, Individually and in her | ) | |
| Official Capacity, | ) | |
| MICHAEL O'CONNOR, Individually and in | ) | |
| his Official Capacity, | ) | |
| GAYLE COSBY, Individually and in her | ) | |
| Official Capacity, | ) | |
| KELLY BENTLEY, Individually and in her | ) | |
| Official Capacity, | ) | |
| DIANE ARNOLD, Individually and in her | ) | |
| Official Capacity, | ) | |
| LEWIS D. FEREBEE, Individually and in | ) | |
| his Official Capacity, | ) | |
| LE BOLER, Individually and in her Official | ) | |
| Capacity, | ) | |
| WANDA LEGRAND, Individually and in | ) | |
| her Official Capacity, | ) | |
| LELA TINA HESTER, Individually and in | ) | |
| her Official Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Plaintiff's Motion to Compel the

Removal of Confidentiality Designation from Specific Documents Under the

Protective Order (Dkt. 220)[1]. The motion was referred to the Undersigned for ruling and, for the reasons that follow, is hereby **GRANTED IN PART** and **DENIED IN PART**.

## I.    Background

For the purposes of this Order, the Court assumes familiarity with the underlying facts of this case. On April 24, 2019, the parties participated in a telephonic status conference with the Undersigned. During this call, the Plaintiff expressed concerns that the Defendants were improperly designating certain documents as confidential, and the Defendants expressed concerns that the Plaintiff was improperly withholding certain documents from production. With the discovery deadline fast approaching, the Court discussed an expedited briefing schedule for the parties' imminent motions to compel. The Plaintiff and Defendants filed their respective Motions to Compel on April 26, 2019, their responses on May 1, 2019, and their replies on May 3, 2019.

In the Plaintiff's instant Motion to Compel, she requests that the Court compel the Defendants to remove the confidential designation from certain documents because, she argues, the documents are not actually confidential. She also requests her reasonable attorneys' fees for having to pursue this motion. The Defendants' Motion to Compel [Dkt. 214] will be discussed via separate order.

---

[1] The parties submitted identical briefing in the instant case and in the related case, *Jensen v. Indianapolis Public Schools, et al*, 1:16-cv-2047-TWP-DLP. The Court will primarily address the *Leser* filings in this Order.

## II.    Legal Standard

Even when a governing protective order provides for confidentiality of certain documents, the party who desires the secrecy has the burden of continually showing "good cause" to maintain such confidentiality when the confidential nature of the information is challenged. *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 586 (N.D. Ill. 2004) (citing *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)). Establishing good cause requires a party to present "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).

If good cause is shown, a court then must balance the public's interest in access to the record against the interest of the party seeking confidentiality to determine whether to seal the record. *In re Matter of Cont'l Ill. Secs. Litig.*, 732 F.2d at 1313. If a party does not show good cause to justify the ongoing concealment of certain information, the protective order may be dissolved or modified to unseal that information. *Id.*; see also *Jepson, Inc. v. Makita Elec. Works*, 30 F.3d 854, 861 (7th Cir. 1994). If a party does identify specific genuine confidential material within documents concealed by the protective order, a court nevertheless may place the documents in the public record following redaction of the confidential material. *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1032 (7th Cir. 1996).

## III.    Discussion

The Court approved the parties' protective order on April 27, 2018. [Dkt. 97.] The protective order provides that "[a]ny party or non-party who produces protected

information in this action may designate is at "Confidential" consistent with the terms of this Order." [Dkt. 97 at 2.] The protective order also lays out the process for challenging designated information as follows:

> In the event that a Receiving Party disagrees at any time with any designation(s) made by the Designating Party, the Receiving Party must first try to resolve such challenge in good faith on an informal basis with the Designating Party pursuant to S.D. Ind. L.R. 37-1. The Receiving Party must provide written notice of the challenge and the grounds therefor to the Designating Party, who must respond in writing to the challenge within 15 days. At all times, the Designating Party carries the burden of establishing the propriety of the designation and protection level. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the designated information will remain protected under this Order.

Based on the parties' briefing, the Plaintiff challenges the confidential designation of three categories of documents: 1) documents already produced in discovery without the confidential designation; 2) documents authored by and in the control of the Defendants; and 3) documents produced in the Shana Taylor criminal matter. The Court will address each in turn.

### 1) Documents Already Produced

The Plaintiff requests that the Court compel the Defendants to remove the confidential designation from various documents that were already produced in discovery in this case. The Defendants claim that this is a "non-issue," while the Plaintiff maintains that all documents that have been produced should have the confidential designation removed. This issue could have (and should have) been easily resolved by the parties themselves, without court intervention. Nevertheless,

it is the Court's opinion that any documents that were produced without a confidential designation can be used in this litigation. Therefore, there is no need for the Defendants to remove the confidential designation from any document that was already produced elsewhere in discovery without the confidential designation.

## 2) IPS Authored Documents

Next, the Plaintiff asserts that the Defendants should produce the documents listed that were either authored by or are presently controlled by the Defendants. In response, the Defendants argue that all such documents are encompassed by the Protective Order in this case and, thus, should retain the confidential designation. As noted above, once a document's confidentiality designation has been challenged, the party seeking to retain confidentiality must demonstrate "good cause." The Defendants, however, do not cite a single statute, rule, or opinion, but rather rely on bare assertions and conclusory statements.[2] Defendants barely set forth any argument or explanation as to why the challenged documents are confidential, and assuredly cite no legal support for any argument that they did make.

In Exhibit 5 to their response brief, the Defendants did include their reasons for withholding the various "IPS Authored[3]" documents, but that justification was merely that the documents were "subject to the Protective Order in this case as it relates to the discipline of a non-party." [Dkt. 224-5.] The Defendants do not explain

---

[2] It should be noted that neither the Plaintiff nor the Defendants provided the Court with the necessary, or any, authority in their briefing, which required the Court to endeavor to research the appropriate authority on its own.

[3] The Plaintiff refers to this category of designated documents as "IPS Authored."

or identify the various documents, their relevance, or why they should be subject to confidentiality. Instead, they simply attempt to refute the Plaintiff's argument for revoking confidentiality. The burden, however, is not on the Plaintiff to disprove confidentiality, but rather on the Defendants to demonstrate good cause for maintaining confidentiality. Similar to the Court's problem with analyzing the Defendants' privilege log in prior motion practice, the Defendants have again failed to meet their burden of providing good cause for maintaining the confidentiality designations of the challenged documents.

### 3) Public Record Documents

Lastly, the Plaintiff argues that various documents that the Defendants designated confidential include public records, such as documents from the underlying criminal matter file (e.g. voluntary witness statements), which cannot and should not be confidential in the present case. The Defendants assert that the documents were not made public in the underlying criminal matter and that they remain subject to the Protective Order here. In Exhibit 5 to their response brief, the Defendants cited their reason for maintaining all "Public Record[4]" documents confidential as "this document remains subject to the Protective Order in this case and in the A.H. matter[5]." [Dkt. 224-5.] The Defendants again cite no statute, rule, or opinion to support their assertion that these documents are subject to both

---

[4] The Plaintiff refers to this category of documents as "Public Record."

[5] The A.H. matter is a related civil case, *A.H. v. The Board of School Commissioners for the City of Indianapolis, et al*, No. 1:17-cv-4153-RLY-DML. Various documents related to the underlying Shana Taylor criminal matter were produced in the A.H. matter. A protective order governs the A.H. matter. Based on the Defendants' briefing here (Dkt. 224), the Plaintiff agreed to be bound not only by the protective order in the instant matter, but also by the protective order in the A.H. matter.

protective orders; at the very least, the Defendants should have addressed, as the Plaintiff did, each document's confidentiality individually. Based on the bare briefing, mostly devoid of fact and entirely devoid of law, the Court is not satisfied that the Defendants have demonstrated "good cause" for continuing to maintain the confidential designation of these documents.

## IV.    Conclusion

Accordingly, Plaintiff's Motion to Compel the Removal of Confidentiality Designation from Specific Documents Under the Protective Order (Dkt. 220) is hereby **GRANTED IN PART** and **DENIED IN PART**. The confidential designation does not need to be removed from documents that have been produced as non-confidential in discovery, as outlined above.

Additionally, the Defendants shall have until Tuesday, May 14, 2019 by which to file a supplemental brief that demonstrates, with specificity, the good cause necessary to maintain the remaining challenged documents as confidential. If the Defendants choose not to file a brief, the confidential designation will be removed from documents listed in Exhibit 1 to the Plaintiff's Motion that have not already been produced as non-confidential.

So ORDERED.

Date: 5/10/2019

Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:
All ECF-registered counsel of record via email