UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DEBORAH L LESER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-02044-TWP-DLP |
| | ) | |
| INDIANAPOLIS PUBLIC SCHOOLS, | ) | |
| BOARD OF SCHOOL COMMISSIONERS | ) | |
| FOR THE CITY OF INDIANAPOLIS, | ) | |
| MARY ANN SULLIVAN, Individually and | ) | |
| in her Official Capacity, | ) | |
| SAM ODLE, Individually and in his Official | ) | |
| Capacity, | ) | |
| LANIER ECHOLS, Individually and in her | ) | |
| Official Capacity, | ) | |
| MICHAEL O'CONNOR, Individually and in | ) | |
| his Official Capacity, | ) | |
| GAYLE COSBY, Individually and in her | ) | |
| Official Capacity, | ) | |
| KELLY BENTLEY, Individually and in her | ) | |
| Official Capacity, | ) | |
| DIANE ARNOLD, Individually and in her | ) | |
| Official Capacity, | ) | |
| LEWIS D. FEREBEE, Individually and in | ) | |
| his Official Capacity, | ) | |
| LE BOLER, Individually and in her Official | ) | |
| Capacity, | ) | |
| WANDA LEGRAND, Individually and in | ) | |
| her Official Capacity, | ) | |
| LELA TINA HESTER, Individually and in | ) | |
| her Official Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This matter comes before the Court on the Defendant Indianapolis Public Schools' Motion to Compel and Request for Attorney Fees (Dkt. 214)[1]. The motion was referred to the Undersigned for ruling and, for the reasons that follow, is hereby **GRANTED IN PART** and **DENIED IN PART**.

### I. Background

For the purposes of this Order, the Court assumes familiarity with the underlying facts of this case. On April 24, 2019, the parties participated in a telephonic status conference with the Undersigned. During this call, the Plaintiff expressed concerns that the Defendants were improperly designating certain documents as confidential, and the Defendants expressed concerns that the Plaintiff was improperly withholding certain documents from production. With the discovery deadline fast approaching, the Court discussed an expedited briefing schedule for the parties' imminent motions to compel. The Plaintiff and Defendant[2] filed their respective Motions to Compel on April 26, 2019, their responses on May 1, 2019, and their replies on May 3, 2019.

In the Defendant's instant Motion to Compel, it requests that the Court compel the Plaintiff to produce certain information and documents. Defendant IPS

---

[1] The parties submitted identical briefing in the instant case and in the related case, *Jensen v. Indianapolis Public Schools, et al*, 1:16-cv-2047-TWP-DLP. The Court will primarily address the *Leser* filings in this Order.

[2] Although the Defendants collectively discussed the pending discovery issues with the Court during the April 24, 2019 status call, the instant Motion to Compel was filed solely by Defendant Indianapolis Public Schools. Therefore, this opinion will only refer to the Defendant.

also requests its reasonable attorneys' fees for having to pursue this motion. The Plaintiff's Motion to Compel was discussed in a separate order. [Dkt. 228.]

## II. Legal Standard

In discovery, parties are generally entitled to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Privileged matter, however, may be withheld. S.D. Ind. L.R. 37-1; Fed. R. Civ. P. 26(b)(5)(A). If a party believes that material has been improperly withheld, the party may move for the Court to compel production. *Id*.

The party opposing a motion to compel has the burden to show the discovery requests are improper and to explain *precisely* why its objections are proper given the broad and liberal construction of the federal discovery rules. *In re Aircrash Disaster Near Roselawn, Inc. Oct. 31, 1994*, 172 F.R.D. 295, 307 (N.D. Ill. 1997); *Cunningham v. Smithkline Beecham*, 255 F.R.D 474, 478 (N.D. Ind. 2009).

General objections to discovery requests that merely recite boilerplate language without explanation do not meet this burden, and courts within the Seventh Circuit consistently overrule them or entirely disregard such objections. *See Novelty, Inc. v. Mountain View Mktg., Inc.,* 265 F.R.D. 370, 375 (S.D. Ind. 2009) ("'general objections' made without elaboration, whether placed in a separate section or repeated by rote in response to each requested category, are not 'objections' at all—and will not be considered"); *Burkybile v. Mitsubishi Motors*

*Corp.,* 2006 WL 2325506, at *9 (N.D. Ill. 2006) (overruling boilerplate objections made generally and without elaboration).

## III. Discussion

The Defendant submitted the following discovery requests to the Plaintiff on January 23, 2019:

> INTERROGATORY NO. 1: Did Leser (including Leser's counsel or any agent thereof) communicate in any way with an employee, agent or representative of any print, television, radio, or online media concerning any of the matters alleged in ther [sic] lawsuit, the termination of Leser's employment with IPS, or all proceedings related thereto? If so, please:
> - identify who communicated the information;
> - provide a detailed description of what was communicated;
> - specifically identify the date of each communication; and
> - identify who was the recipient of the communication.

> REQUEST NO. 1: All communications between Leser (including Leser's counsel or any agent thereof) and any employee, agent or representative of any print, television, radio, or online media concerning any of the matters alleged in ther [sic] lawsuit and/or the termination of Leser's employment with IPS and all proceedings related thereto.

[Dkt. 216, p. 4-8.] The Plaintiff claims that the discovery requests do not seek relevant information; are overbroad and insufficiently limited in time; amount to a fishing expedition; infringe upon her First Amendment rights; and were improperly submitted to the Plaintiff rather than to the media entities themselves. The Defendant argues that any efforts of the Plaintiff to publicize this matter to the media are relevant to determine mitigation of damages, lack of notice, and to identify any admissions by the Plaintiff.

4

The Court is inclined to agree with the Defendant here. In the Amended Complaint's Prayer for Relief, the Plaintiff requests that the Defendants compensate her for "damages to her career and reputation by the unlawful practices described above." [Dkt. 105 at 28.] By making that claim, the Plaintiff has undoubtedly placed her reputation and career at issue; thus, discovery into her contributions to the status of her reputation and career is relevant. The Plaintiff cites to no rule, statute, or opinion that supports her arguments for objecting to answering these discovery requests. The Plaintiff does not explain why the discovery requests are irrelevant, overbroad, or improper, or cite to any support for such a proposition, but instead rests upon bare conclusory statements.[3] Without more, the Court is reluctant to deem the Defendants' discovery requests irrelevant or improper.

The Undersigned is no stranger to the discovery disputes in this matter. The parties' briefing has been, at times, deficient, most recently in the Plaintiff's Motion to Compel (Dkt. 220). The Court provided the Defendants with the opportunity to submit supplemental briefing there, only because both parties had failed to provide the Court with even so much as the legal standard by which the motion should be considered.

Here, in response to the Defendant's February 27, 2019 26(f) letter, the Plaintiff did not revise her discovery objections or explain precisely why her

---

[3] The Court gives little weight to the Plaintiff's remaining four arguments other than relevancy, especially given that she bases her arguments on bare conclusory statements, rather than on citations to law and fact.

5

objections were proper, as required in this Circuit. Moreover, the Defendant clearly laid out the standard of review in its Motion to Compel [Dkt. 214], once again putting the Plaintiff on notice that her discovery objections were improper and insufficient. [Dkt. 215 at 6-7.] In her own response brief, the Plaintiff merely recites the inadequate objections that she submitted with her discovery responses. She was given several opportunities over the last four months to rectify her mistake, but chose not to do so.

The Court agrees with the Defendant that the Plaintiff should be required to answer the interrogatory and request for production served on January 23, 2019. The Court does not agree, however, that the Plaintiff should be required to answer the Defendant's interrogatory and request for production with no time constraints. The Plaintiff shall be required to respond fully, but only for any communications between the time period of June 27, 2016 and January 23, 2019, subject to the usual privilege.

## IV. Conclusion

Accordingly, Defendant Indianapolis Public Schools' Motion to Compel and Request for Attorney Fees (Dkt. 214) is hereby **GRANTED IN PART** and **DENIED IN PART**. The Plaintiff shall have until Friday, May 17, 2019 by which to respond fully to the Defendant's discovery requests, with the limitations as described above. The Defendant's request for attorneys' fees shall be addressed via separate order.

So ORDERED.

Date: 5/13/2019

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email